The Honorable Ronald B. Leighton
Magistrate Judge Theresa L. Fricke

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| R.M., Individually,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE OF WASHINGTON, SHERYL ALLBERT, ALLISON BERGLIN, KEVIN BOVENKAMP, B. BRAID, DIEGO LOPEZ de CASTILLA, JAMES J. EDWARDS, DALE FETROE, G. STEVEN HAMMOND, J. DAVID KENNEY, MARY KEPPLER, EDITH KROHA, ERIC LARSEN, KENNETH LAUREN, FRANK LONGANO, SHERI MALAKHOVA, KEN E. MOORE, SHIRLEE M. NEISNER, MARTHA NEWLON, JOAN PALMER, KELLY REMY, JON REYES, DALE ROBERTSON, F. JOHN SMITH, KENNETH SAWYER, BO STANBURY, and DOES 1-10,<br><br>                    Defendants. | NO. 18-cv-05387-RBL-TLF<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY**<br><br><br>**NOTED FOR : JANUARY 11, 2018** |

Defendants submit this Supplemental Brief on their entitlement to qualified immunity:

## I.    STANDARD OF REVIEW

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known." *Thompson v. Rahr,* 885 F.3d 582, 587 (9th Cir. 2018) (quoting *Harlow v. Fitzgerald.* 457 U.S. 800, 818 (1982); *Isayeva v. Sacramento Sheriff's*

DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT BASED ON
QUALIFIED IMMUNITY - 18-cv-05387-
RBL-TLF

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1   *Department,* 872 F.3d 938, 946 (9th Cir. 2017). Once an official pleads qualified immunity, the

2   burden is on the plaintiff to prove two elements: (1) that the right was violated; and (2) that the right

3   was clearly established at the time of the alleged misconduct. *Isayeva,* 872 F.3d at 946. The court

4   has the discretion to choose which qualified immunity prong to address first. *Pearson v. Callahan*,

5   555 U.S. 223, 236 (2009); *Isayeva*, 872 F.3d at 946.

6          The Supreme Court has tightened the inquiry on qualified immunity to focus closely on an

7   analysis of existing precedent. While it does not require a case directly on point, the Supreme Court

8   has held that the existing precedent must have placed the statutory or constitutional question

9   "*beyond debate*" such that "every" reasonable official – not just "a' reasonable official – would

10  have understood that he was violating a clearly established right. *Ashcroft v. al-Kidd,* 563 U.S. 731,

11  741 (2011); *Morales v. Fry,* 873 F.3d 817, 823 (9th Cir. 2017).

12         Here, to meet the first requirement, R.M. must plead facts sufficient to make out a plausible

13  claim that it would have been clear to each individual medical provider or administrator defendant

14  that his or her conduct was unlawful in the situation he or she confronted. *Dunn v. Castro*, 621 F.3d

15  1196, 1199 (9th Cir. 2010)(quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). To this end, R.M.

16  must prove that each individual defendant 1) knew of and disregarded an excessive risk to R.M.'s

17  health, 2) was aware of facts from which the inference could be drawn that a substantial risk of

18  serious harm to R.M. existed, and 3) drew the inference that a substantial risk of serious harm existed

19  and violated his constitutional right anyway. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994);

20  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

21         In this case, this court should start its qualified immunity analysis by reviewing R.M.'s

22  allegations under the first prong of the qualified immunity analysis. To do this, the court must

23  determine whether the facts alleged, taken in the light most favorable to R.M., show that any

24  individual defendant's conduct violated his Eighth Amendment right. *Saucier v. Katz,* 533 U.S. 194,

25  201 (2001). Defendants refer the court to Section III.A and III.B of their Motion for Summary

26  Judgment in which they establish that the undisputed facts show that none of the individual

DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT BASED ON
QUALIFIED IMMUNITY - 18-cv-05387-
RBL-TLF

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

defendants was deliberately indifferent to R.M.'s medical needs and, therefore, no individual defendant violated R.M.'s rights. As the Supreme Court said in *Saucier,* "if no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.*

Assuming for the sake of argument, however, that the court determines that a constitutional violation could be made out based on the parties' submissions, then the court must continue its review under the second prong of the qualified immunity analysis. *Thompson,* 885 F.3d at 588. In this supplemental memorandum, Defendants will focus on this second prong. Defendants will show below that R.M. cannot establish that an alleged right to a urology consultation was "clearly established" at a time when R.M. was seeing his prison doctor regularly and told the doctor that the medication he had prescribed, Trental, was improving his condition a little bit, which were his circumstances at the time of the challenged conduct. *al-Kidd,* 563 U.S. at 741.

The "clearly established" inquiry in the second prong of a qualified immunity analysis is a question of law that only a judge can decide. *Morales*, 873 F.3d at 821. Early determination is often possible "because qualified immunity most often turns on legal determinations, not disputed facts." *Id*. Deciding the issue of qualified immunity "at the earliest possible state in litigation" preserves the doctrine's status as a true "*immunity from suit* rather than a mere defense to liability. *See Hunter v. Bryant,* 502 U.S. 224, 227 (1991)(per curiam); *Morales*, 873 F.3d at 822.

In this inquiry, the court must identify precedent that is close enough to the factual context of the claim under review that the precedent would put every reasonable official on notice that taking a particular action or failing to act under these particular circumstances – at the time of the challenged act or omission – would be a violation of clearly established constitutional rights of the plaintiff. *S.B. v. County of San Diego,* 864 F.3d 1010, 1015 (9th Cir. 2017). The court's analysis must be limited to the facts that were knowable to the defendant officers at the time they engaged in the conduct in question. *Longoria v. Pinal County,* 873 F.3d 699, 704, 709 (9th Cir. 2017).

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY - 18-cv-05387-RBL-TLF

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1  R.M. bears the burden of showing the court that his constitutional rights were clearly established at

2  the time of the incident. [1] *See Al-Kidd*, 563 U.S. at 741.

3  As Defendants have shown in their Motion for Summary Judgment and as they will further

4  show below, each of them are entitled to qualified immunity because none of them violated R.M.'s

5  Eighth Amendment right and, even if a violation could be made out, the legal precedent is clear that

6  their actions were reasonable in the context of the situation they confronted.

7  ## II.    ISSUES PRESENTED

8  1.    Are the individual Defendants entitled to qualified immunity because R.M. cannot

9  show that any Defendant violated a clearly established Eighth Amendment right?

10  2.    Are individual Defendants Bovenkamp and Baird entitled to qualified immunity

11  where the only factual allegation against them is that they administratively responded to the first

12  grievance R.M. filed?

13  3.    Are individual Defendants Allbert, Berglin, Lopez de Castilla, Fetroe, Hammond,

14  Keppler, Larsen, Longano, Malakhova, Moore, Neisner, Newlon, Palmer, Remy, Reyes, Robertson,

15  Smith Sawyer and Stanbury entitled to qualified immunity where the only factual allegation against

16  them is that on January 21, 2015, they participated in a DOC Care Review Committee meeting at

17  which the group by consensus determined that a urology consultation was medically unnecessary

18  for R.M. under the Offender Health Plan?

19  4.    Are individual Defendants Edwards, Kroha and Kenney entitled to qualified

20  immunity in a situation where R.M. disagrees with their assessment of his condition as well as the

21  appropriate medical treatment for his disease?

22

---

23  [1] In contrast to the situation here, there are instances where the Ninth Circuit court has found a law to be
24  "clearly established." In *Mellen v. Winn*, 900 F.3d 1085, 1103-1104 (9th Cir. 2018), the court held that the question
   of whether police officers have a duty to disclose material impeachment evidence to prosecutors is "clearly
25  established and "is not an open question in our Circuit." In *Jones v. Las Vegas Metropolitan Police Department,*
   873 F.3d 1123, 1132 (9th Cir. 2017), the court held that continuous, repeated and simultaneous tasings are different
26  from isolated shocks and "any reasonable officer would have known that such use can only be justified by an
   immediate or significant risk of serious injury or death to officers or the public."

DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT BASED ON
QUALIFIED IMMUNITY - 18-cv-05387-
RBL-TLF

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

# III.    POINTS AND AUTHORITIES

## A.    Current Ninth Circuit Law on Qualified Immunity

Three recent cases originating from the United States District Court for the Western District of Washington have addressed the issue of qualified immunity in the context of inmates bringing Eighth Amendment claims against Washington State Department of Corrections ("DOC") medical providers and administrators. One of these cases, *Hamby v. Hammond*, 821 F.3d 1085 (9th Cir. 2016) is a reported Ninth Circuit case. The other two cases, *Bianchi v. Dep't of Corr.*, No. C16-5390 BHS-TLF, 2018 WL 1313110 (W.D. Wash. Mar. 14, 2018)(order adopting in part the report and recommendation cited at 2017 WL 9772959 (W.D. Wash. Nov. 30, 2017)) ("*Bianchi Order*") and most recently *Pennick v. Lystad*, No. C17-5152 RJB-TLF, 2018 WL 3632219 (W.D. Wash. July 30, 2018) (order adopting the report and recommendation cited at 2018 WL 3640207 (W.D. Wash. June 20, 2018)) ("*Pennick Order*"), are unpublished rulings issued from this court.

In *Hamby*, the inmate brought an Eighth Amendment violation claim against three DOC officials. After Hamby fell off a ladder at a prison job, a prison medical provider diagnosed him as having an umbilical hernia that was easily reducible, meaning the hernia could be tucked back into his abdomen by applying manual pressure. *Hamby,* 821 F.3d at 1088. The provider instructed him on how to do this and also prescribed a rib belt designed to keep the hernia in. *Id.* Following this visit, Hamby went to the clinic many times and received similar non-surgical treatment. *Id.*

In late August 2013, Hamby requested hernia surgery. *Hamby*, 821 F.3d at 1088-1089. The Care Review Committee determined that hernia surgery was not medically necessary because Hamby's hernia was easily reducible and, although he was in pain, he was going to meals and his activities of daily living were not impaired. *Id.* The group recommended continued monitoring of his condition. *Id.* Hamby sued the defendants claiming they were deliberately indifferent to his serious medical needs. The district court granted qualified immunity to the defendants.

On appeal, the Ninth circuit court held that, viewing the evidence most favorably to Hamby and given the existing case law at the time, it was not "beyond debate" that the prison officials

DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT BASED ON
QUALIFIED IMMUNITY - 18-cv-05387-
RBL-TLF

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

pursued a medically unreasonable course of treatment by declining to refer Hamby for a surgical evaluation, even assuming each defendant official was aware of his chronic pain. *Id.* at 1092-1093. The Court ruled that it was at least debatable that the defendant officials complied with the Eighth Amendment because, to the extent they played any role in the decision to deny the inmate surgery, the record made clear that they did so based on legitimate medical opinions that had been held reasonable under the Eighth Amendment. *Id.* The Court ruled that there were many cases, both reported and unreported, holding that prison officials did not violate the Eighth Amendment even though they denied surgical treatment to an inmate with a reducible hernia comparable to Hamby's. *Id.* Combining this with the lack of overwhelming contrary authority, the Court held that the existing precedent was dispositive in favor of defendants for the purposes of determining qualified immunity. *Id.* at 1094. That defendants had sufficient reason to believe their conduct was justified and had opted for a course of treatment held to be constitutional on numerous prior occasions was enough to shield them from liability. *Id.*

The court should similarly find here that, viewing the evidence in favor of R.M., the Defendants' course of treatment for R.M. using oral medication and the CRC's decision that a urology consultation was medically unnecessary while R.M. was improving through this medication, was similarly reasonable and justified in their situation.

Defendants recognize that district court decisions, unlike those from the courts of appeals, do not necessarily settle constitutional standards. *Hamby,* 821 F.3d at 1095. Defendants note, however, that the Ninth Circuit Court in *Hamby* made reference to reviewing both reported and unreported case in examining the existing case law for the purpose of determining qualified immunity. *Id.* at 1094. Thus, Defendants call the court's attention to two recent unreported orders issued from this court which support Defendants' assertion that their conduct in addressing R.M.'s Peyronie's disease was reasonable under their situation and entitles them to qualified immunity. Defendants also refer the court to *Odom v. Corizon, Inc.*, No. 1:14-CV-606, 2015 WL 5749532, (W.D. Mich. Sept. 30, 2015), the only federal case they found which addressed an almost identical

DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT BASED ON
QUALIFIED IMMUNITY - 18-cv-05387-
RBL-TLF

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

set of circumstances of an inmate, diagnosed with Peyronie's disease, who claimed prison officials violated his Eighth Amendment rights by treating him with only medication and refusing to authorize a penile implant.

In the first case, *Bianchi v. Department of Corrections, supra,* inmate Bianchi brought an Eighth Amendment violation claim against the DOC and three individual defendants based on medical treatment he received for his umbilical hernia. In an order issued on March 14, 2018, the court, adopting the magistrate judge's report and recommendation in part, granted summary judgment to the defendants and dismissed Bianchi's claims with prejudice. *Bianchi Order* at p. 5. The court held that at the time in question and under the circumstances presented defendants would not have been on notice of any clearly established law prohibiting their actions of which a reasonable person would have known. *Id.* This was because the only case decided by the Ninth Circuit in the context of facts somewhat similar to Bianchi's was the *Hamby* case analyzed above, which the Ninth Circuit Court decided after Bianchi filed his complaint. The court noted that the Ninth Circuit court in *Hamby* ruled that the medical providers who conservatively treated Hamby's hernia were entitled to qualified immunity because no precedent squarely governed those set of facts and no existing Ninth Circuit opinion "placed beyond debate" the unconstitutionality of their acts and omissions. *Bianchi Order* at p. 7-8. The court also held that Bianchi had the burden and failed to show that even if a CRC member defendant had voted not to approve a requested medical intervention, that such a decision was medically inappropriate under his particular circumstances. *Bianchi Order* at p. 8.

In *Pennick v. Lystad*, a second and recently unpublished Order issued by this court, inmate Pennick sued DOC medical providers alleging that the defendants were deliberately indifferent to his medical needs in refusing to prescribe certain eye drops and failing to refer him to an outside optometrist. *Pennick Order* at p. 1. The court held that Pennick failed to demonstrate that each defendant deprived him of a constitutional right by performing or omitting to perform an act that the defendant was legally required to do. *Pennick Order* at p.3. The court further ruled that even if it were to assume the defendants had actual knowledge that their actions would cause harm, the facts

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY - 18-cv-05387-RBL-TLF

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1  would fall short of deliberate indifference because the providers continued to be accessible to

2  plaintiff for treatment, suggested alternatives course of treatment and urged plaintiff to sign up for

3  sick call to be re-evaluated for eye pain. *Pennick Order* at p.3. The court ruled that the most Pennick

4  had shown was a difference of opinion regarding treatment between himself and the medical

5  authorities which did not establish deliberate indifference. *Pennick Order* at p. 7.

6  In *Odom v. Corizon, Inc., supra,* the Michigan District Court held in almost identical

7  circumstances that none of the administrators or prison medical providers violated the inmate's

8  Eighth Amendment rights and granted each defendant summary judgment. The inmate alleged he

9  was diagnosed with Peyronie's disease, the nodules in his penis were getting larger and more painful,

10  was prescribed Trenetal (sic), was told by his providers there was nothing they could do to treat his

11  condition, were denied requests for an ultrasound scan and a penile implant, disagreed with his

12  providers about his treatment and his grievance was denied. *Odom*, *supra,* at pp. 3 – 5.

13  Defendants' situation here is similar to that found in *Hamby*, *Bianchi, Pennick* and *Odom*

14  where the court found the plaintiff could not establish an Eighth Amendment violation because the

15  defendants acted reasonably and lawfully in their circumstances. On this basis, the court should grant

16  each defendant summary judgment and qualified immunity and dismiss R.M.'s claims.

17  **B.    Administrator Defendants Bovenkamp and Braid Have Qualified Immunity Because Denial of a Grievance is Not an Action of Deliberate Indifference**

18

19  R.M.'s only substantive allegations against Defendant administrators Bovenkamp and Braid

20  are that they received his appeal on January 16, 2015, reviewed it and responded to it on February

   12, 2015, by upholding the denial. ECF 001-2, ¶ 4.10. The case law existing on February 12, 2015,
21
   is clear that the denial of a grievance by a prison administrators with no active link or connection to
22
   the plaintiff's medical care, does not itself violate the constitution. *Ramirez v. Galaza,* 334 F.3d 850,
23
   860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir 1988). On this ground, this
24
   Court should hold that Defendants Bovenkamp and Braid are entitled to qualified immunity from
25
   R.M.'s suit.
26

DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT BASED ON
QUALIFIED IMMUNITY - 18-cv-05387-
RBL-TLF

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**C.** **Defendant CRC Members Have Qualified Immunity Because R.M. Cannot Show Deliberate Indifference, Injury or Any Precedent Governing Their Conduct**

R.M.'s only allegation against individual Defendants Allbert, Berglin, Lopes de Castilla, Fetroe, Hammond, Kenney, Keppler, Kroha, Larsen, Longano, Malakhova, Moor, Neisner, Newlon, Palmer, Remy, Reyes, Robertson, Smith, Sawyer and Stanbury is that each of them participated in the January 21, 2015, CRC meeting at which R.M.'s second request for a urology consultation was determined to be medically unnecessary because R.M.'s condition remained unchanged and the request was denied on that ground. ECF 001-2, ¶ 4.11.

R.M. does not allege and there are no facts even suggesting that any of these individual Defendants personally met, examined or treated R.M. before reviewing his request. What they knew about R.M. on January 21, 2105, was what Dr. Edwards wrote on the request, what he said in his presentation and what he said in response to questions at the meeting. *See* ECF 053, pp. 6 and 54; ECF 058, pp. 3 and 9. The committee's duty was to determine if R.M.'s requested intervention was covered by the DOC Offender Health Plan and, if so, whether the request met the OHP requirements for a medically necessary intervention. ECF 053, pp. 18-35. Importantly, at the time of January 21, 2015, there was no Ninth Circuit precedent placing "beyond debate" the unconstitutionality of these CRC committee defendants' acts and omissions in their circumstances. *Hamby*, 821 F.3d at 1094-1096. Consequently, the court should hold on these grounds that each of these individual Defendants are entitled to qualified immunity.

**D.** **Defendants Edwards, Kenney and Kroha Have Qualified Immunity Because R.M. Cannot Show They Were Deliberately Indifferent to His Medical Needs**

R.M. alleges that three Defendants, Dr. Edwards, ARNP Kroha and Dr. Kenney, in addition to participating in the January 21, 2015, CRC meeting, examined or treated him. R.M. does not identify any link between specific conduct by any of these individuals and any injuries he alleges to have suffered. ECF. 001-2, ¶¶ 3.8, 3.11, 3.13, 4.11. As noted in Defendants' motion for summary judgment, the only substantive allegation R.M. makes against Dr. Edwards is that he met with Dr. Edwards in June 2015. ECF. 001-2, ¶ 4.12. As to Defendant ARNP Kroha, R.M. alleges she told

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY - 18-cv-05387-RBL-TLF

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

him on January 3, 2017, that his case would be discussed with a urologist. ECF. 001-2, ¶ 4.14. R.M. admits he sought no further medical help after January 3, 2017 until June 13, 2017, except to send a "kite" requesting a status report. ECF. 001-2, ¶¶ 4.15. He alleges that on June 13, 2017, ARNP Kroha confirmed his condition had gotten worse and he admits ARNP Kroha engaged Dr. Kenney and thereafter submitted and secured CRC approval for him to see a urologist. ECF. 001-2, ¶¶ 4.15; 4.17; 4.19. As to Dr. Kenny, R.M.'s admits Dr. Kenney examined him on July 19, 2017 as part of a routine, administrative grievance investigation and he supported ARNP Kroha's request to the CRC. ECF. 001-2, ¶¶ 4.17; 4.19; ECF 052, pp. 9.

The only Ninth Circuit precedent during this time addressing circumstances somewhat similar to R.M.'s situation is the *Hamby* decision. The *Hamby* decision supports granting all of these individual defendants qualified immunity because like in *Hamby*, given these defendants' circumstances, no existing precedent at the time held or even suggested these individual defendants' acts in examining or treating R.M. were, as a matter of law, unconstitutional "beyond debate". *Hamby*, 821 F.3d at 1094-1096. Consequently, the court should hold on this basis that these Defendants are also entitled to qualified immunity.

## IV. CONCLUSION

For all of the reasons stated above, the Defendants request that the Court hold, as a matter of law, that there is no genuine issue of material fact in this case and that the undisputed facts establish that Defendants are entitled to summary judgment and qualified immunity as a matter of law. On these grounds, Defendants request that the Court dismiss R.M.'s 42 U.S.C. §1983 claim and his pendent State medical negligence claim with prejudice.

DATED this 20th day of December, 2018

ROBERT W. FERGUSON
Attorney General

s/ Michelle Hitomi Hansen
MICHELLE HITOMI HANSEN, WSBA No. 14051
Assistant Attorney General
PO Box 40126

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY - 18-cv-05387-RBL-TLF

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Olympia, Washington 98504-0126
Tel: (360) 586-6300
E-mail: michelleh3@atg.wa.gov
Attorneys for Defendants State of Washington,
Allbert, Berglin, Bovenkamp, Braid, Lopez de
Castilla, Edwards, Fetroe, Hammond, Kenney,
Keppler, Kroha, Larsen, Longano, Moore, Neisner,
Newlon, Palmer, Remy, Reyes, Smith, Sawyer and
Stanbury


s/Rhianna M. Fronapfel (signature authorized by
email dated December 20, 2018)
Rhianna M. Fronapfel, WSBA #38636
Bennett Bigelow & Leedom, P.S.
601 Union Street, Ste 1500
Seattle, WA 98101-1363
rfronapfel@bbllaw.com
Attorney for Defendant
Dale Robertson, PA-C


s/Brian P. Waters (signature authorized by email
dated December 19, 2018)
Brian P. Waters, WSBA #36619
Ketia B. Wick, WSBA #27219
Johnson Graffe Keay Moniz & Wick, LLP
925 4th Avenue, Ste. 2300
Seattle, WA 98104
ketia@jgkmw.com
watersb@jgkmw.com
Attorneys for Defendant
Sheri Malakhova, MD

DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT BASED ON
QUALIFIED IMMUNITY - 18-cv-05387-
RBL-TLF

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1

## CERTIFICATE OF SERVICE

2

3     I hereby certify that on this 20th day of December, 2018, I caused to be electronically
filed the foregoing document with the Clerk of the Court using the CM/ECF system and caused

4     to be served a copy of this document on all parties or their counsel of record on the date below
as follows:

5

Attorneys for Plaintiff:                          Attorney for Defendant

6                                                 Dale Robertson, PA-C:

7     Michael Kahrs, Esq.                         Rhianna M. Fronapfel
Kahrs Law Firms, P.S.                       Bennett Bigelow & Leedom, P.S.

8     2208 NW Market St., Suite 414               601 Union Street, Ste 1500
Seattle, WA 98107                           Seattle, WA 98101-1363

9     mike@kahrslaw firm.com                      rfronapfel@bbllaw.com

10    Dan N. Fiorito III                          Attorneys for Defendant
Law Office of Dan N. Fiorito III            Sheri Malakhova, MD:
844 NW 48th Street

11    Seattle, WA 98107                           Ketia B. Wick
dan@danfiorito.com                          Brian P. Waters

12                                                Johnson Graffe Keay Moniz &
Wick, LLP

13                                                925 4th Avenue, Ste. 2300
Seattle, WA 98104

14                                                ketia@jgkmw.com
watersb@jgkmw.com

15

16    DATED this 20th day of December, 2018.

17                                 ROBERT W. FERGUSON
Attorney General

18

s/ Michelle Hitomi Hansen

19                                 MICHELLE HITOMI HANSEN, WSBA No. 14051
Assistant Attorney General

20                                 PO Box 40126
Olympia, Washington 98504-0126

21                                 Tel: (360) 586-6300
E-mail: michelleh3@atg.wa.gov

22                                 Attorneys for Defendants State of Washington,
Allbert, Berglin, Bovenkamp, Braid, Lopez de

23                                 Castilla, Edwards, Fetroe, Hammond, Kenney,
Keppler, Kroha, Larsen, Lauren, Longano, Moore,

24                                 Neisner, Newlon, Palmer, Remy, Reyes, Smith,
Sawyer and StanburyDefendants

25

26

DEFENDANTS' SUPPLEMENTAL BRIEF          12          ATTORNEY GENERAL OF WASHINGTON
IN SUPPORT OF THEIR MOTION FOR                       Torts Division
SUMMARY JUDGMENT BASED ON                         7141 Cleanwater Drive SW
QUALIFIED IMMUNITY - 18-cv-05387-                      PO Box 40126
RBL-TLF                                         Olympia, WA 98504-0126
(360) 586-6300