The Honorable Ronald B. Leighton
Magistrate Judge Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| R.M., Individually,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, SHERYL ALLBERT, ALLISON BERGLIN, KEVIN BOVENKAMP, B. BRAID, DIEGO LOPEZ de CASTILLA, JAMES J. EDWARDS, DALE FETROE, G. STEVEN HAMMOND, J. DAVID KENNEY, MARY KEPPLER, EDITH KROHA, ERIC LARSEN, KENNETH LAUREN, FRANK LONGANO, SHERI MALAKHOVA, KEN E. MOORE, SHIRLEE M. NEISNER, MARTHA NEWLON, JOAN PALMER, KELLY REMY, JON REYES, DALE ROBERTSON, F. JOHN SMITH, KENNETH SAWYER, BO STANBURY, and DOES 1-10,<br><br>Defendants. | NO. 18-cv-05387-RBL-TLF<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO STATE A CLAIM AND ON QUALIFIED IMMUNITY**<br><br>NOTED FOR: January 11, 2019<br><br>**(Clerk's Action Required)** |

## I. STANDARD OF REVIEW

Defendants reiterate that once an official pleads qualified immunity, the burden is on the plaintiff to prove two elements: (1) that the right was violated; and (2) that the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Isayeva v. Sacramento Sheriff's Department,* 872 F.3d 938, 946 (9th Cir. 2017). The existing precedent

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY
JUDGMENT - 18-cv-05387-RBL-TLF

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

must have placed the statutory or constitutional question "*beyond debate*" such that "every" reasonable official – not just "a' reasonable official – would have understood that he was violating a clearly established right. *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011); *Morales v. Fry,* 873 F.3d 817, 823 (9th Cir. 2017). Defendants refer the Court to Section I of their Supplemental Brief for a fuller discussion of this point.

Thus, to defeat each individual Defendant's assertion of qualified immunity from suit, R.M. must prove that each individual CRC defendant who attended the January 21, 2015, CRC meeting 1) knew of and disregarded an excessive risk to R.M.'s health, 2) was aware of facts from which the inference could be drawn that a substantial risk of serious harm to R.M. existed, and 3) drew the inference and violated his constitutional right anyway. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Defendants refer the court to their summary judgment motion Section III which discusses why R.M. has failed to meet the first requirement, which is to state a § 1983 8th Amendment violation claim against the Defendants.

Even if R.M. can establish deliberate indifference by the Defendants, he must show that this violation, under the circumstances each defendant faced, was clearly established law on January 21, 2015, the date of the alleged unlawful conduct. *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010)(quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Defendants will show below that R.M. has not provided evidence or legal precedent in his Response to defeat Defendants' assertions of qualified immunity from his suit.

## II. EVIDENCE RELIED UPON

1. Declaration of Michelle Hansen and attachments.

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY
JUDGMENT - 18-cv-05387-RBL-TLF

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

## III. POINTS AND AUTHORITIES

As to first element of the court's qualified immunity analysis, proving a violation, a plaintiff must plead that each defendant, through the official's own individual actions, violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The allegations must be made with appropriate particularity, stating the particulars of conduct, time, place and the person responsible. *See Evancho v. Fisher*, 423 F.3d 347, 354 (3rd Cir. 2005). Although, R.M. pinpoints the January 21, 2015, CRC meeting as the date, he provides no evidence of each individual's specific unlawful conduct from which the court might conclude a violation occurred. Because there is insufficient evidence to establish any Defendants' violation of R.M.'s rights by deliberate indifference to R.M's serious medical needs, the court should hold that R.M. fails to state a § 1983 claim and end its analysis there.

### A. R.M. Fails to Establish Legal Precedent Showing His Right to a Urology Consultation Under His Circumstances Was Clearly Established on 1/21/15

If, however, the court decides to continue with the second element of its qualified immunity analysis, it must determine if the right was clearly established at the time the allegedly wrongful conduct occurred. Specifically, R.M. must show that clearly established law existed of R.M.'s constitutional right to an outside urology consultation under these circumstances; 1) the CRC denied the request six months after he first presented his non-emergency symptoms to PA-C Phillips and Dr. Edwards, both of whom had prior experience treating Peyronie's disease; 2) he was under the direct care of Dr. Edwards at the time of the CRC decision; 3) Dr. Edwards had prescribed an 180 day course of Trental on November 20, 2014; 4) Dr. Edwards was actively monitoring R.M.'s treatment; and 5) Dr. Edwards found on examination of R.M.'s penis on January 8, 2015, that it had the "same multiple, firm plaques of

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT - 18-cv-05387-RBL-TLF

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

scar tissue of the penile shaft, characteristic of Peyronie's disease" with no detection of any progression since the first exam on July 31, 2014. The answer is that there is no case in the Ninth Circuit or in any other circuit that has held that an inmate under these circumstances has a clearly establish 8th Amendment right to a urology consultation.

R.M. cites to two cases which he asserts show a clearly established 8th Amendment right to urology consultations. The first case, *Hayes v. Snyder*, 546 F.3d 516 (7th Cir. 2008), is not an analogous case. In *Hayes,* the court held the prison doctor was deliberately indifferent in violation of the inmate's 8th Amendment rights because he admitted he could not identify the cause of the inmate's excruciating and increasing pain yet still refused to refer him to a urology specialist. *Hayes*, 546 F.3d at 526. Mr. Hayes had cysts and growths on his testicles and could not urinate without taking extraordinary measures and, after his release from prison, was also found to have Peyronie's disease. *Id.* at 518, 521. In the instant case, both PA-C Phillips and Dr. Edwards correctly assessed R.M. as having Peyronie's disease at his first visit. When R.M. returned in November 20, 2014 for treatment, Dr. Edwards prescribed Trental, a frontline treatment for the disease for pain control and stabalization of the disease. Dkt. 53, ¶ 10. Defendants request that the court take judicial notice of the general information on Trental in UpToDate.com Article on Peyronie's Disease. Attachment "A" to Hansen Decl. The court should find R.M's circumstances are not analogous to *Hayes*. The court should also find that the ruling in *Hayes* would not put any individual CRC defendant in this case on notice that his or her conduct clearly violated R.M.'s 8th Amendment right.

The second case cited by R.M., *Snow v. McDaniel*, 681 F.3d 978 (9th Circuit 2012), is equally inapposite. In *Snow*, the inmate could barely walk because his severe degenerative hip

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY
JUDGMENT - 18-cv-05387-RBL-TLF

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

disease caused pain in both hips, affecting his daily living activities. *Snow,* 681 F.3d at 983. Prison doctors requested approval from their Utilization Review Panel (which functioned like the CRC) for hip replacement surgery, telling the panel that Mr. Snow was in an emergency situation and his medical problem was "potentially life threatening". 681 F.3d at 984. The Court held the Panel's multiple refusals to approve the surgery under these circumstances was deliberate indifference to the inmate's serious medical needs.

In contrast, R.M. has not alleged or claimed at any time that his Peyronie's disease has affected his activities of daily living on a continuing basis. When the CRC made its decision on January 21, 2015, R.M. was on a six month treatment regimen of Trental and being actively monitored by Dr. Edwards. Neither *Hayes* nor *Snow* presents a decision under which the court would find that *every* reasonable official would have understood *beyond debate*, that denying R.M. a urology consultation under these circumstances would constitute a violation of R.M.'s 8th Amendment rights. On this basis, the court should hold that each of the individual Defendants has qualified immunity from R.M.'s lawsuit.

**B. Plaintiff Has Failed to Support His Medical Arguments With Admissible Expert Testimony Demonstrating an Issue of Material Fact for Trial.**

Notably, in his response R.M. makes a number of assertions regarding medical facts – such as the existence of available treatment for his Peyronie's disease and the likelihood that such treatments would have improved his outcome – but he fails to support any such assertions with admissible expert testimony sufficient to demonstrate the issue of a material fact for trial. *See* Fed. R. Civ. P. 56(c)(2) ("a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). Neither the arguments of counsel, nor the hearsay statements contained in the purported internet authority

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT - 18-cv-05387-RBL-TLF

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

to which plaintifs cites, are admissible evidence for the purpose of overcoming summary judgment. *See Smith v. Mack Trucks,* 505 F.2d 1248, 1249 (9th Cir. 1975) (the arguments and statements of counsel "are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment."); *Davila v. Corporacio De PUeto Rico Para La Difusion Buplica,* 498 F. 3d 9 (2007) ("It is black letter law that hearsay evidence cannot be considered on summary judgment."); *See also* Fed. R. Civ. P. 56(e).

When complex medical issues are at issue, such as is this case, the testimony of a medical expert is necessary to overcome a defense motion for summary judgment. *See e.g. Harris v. Groth*, 99 Wn.2d 438, 449, 663 P.2d 113 (1983) (a plaintiff who seeks recovery from a health care provider for injuries resulting from medical treatment must, except under unusual circumstances, be prepared to offer expert testimony to establish the essential elements of her claim.). When faced with medical issues related to medical standard of care and causation, it is unreasonable to rely on lay opinion. *Id.* at 449. *See also Colwell v. Holy Family Hosp.,* 104 Wn. App. 606, 611 (2001). ("if the plaintiff in a medical negligence suit lacks competent expert testimony, the defendant is entitled to summary judgment."). Because plaintiff has submitted no expert testimony to support his medical claims that a better treatment was available to him based on his own clinical circumstances, or that such treatment would have improved his outcome, he has failed to demonstrate the existence of material facts necessary to support any of his claims. Without such testimony, he has not and cannot demonstrate that the defendants did know, or even could have known and disregarded an excessive risk to R.M.'s health as necessary to demonstrate that qualified immunity does not apply. Without this necessary expert testimony, plaintiff's claim fails as a matter of law.

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY
JUDGMENT - 18-cv-05387-RBL-TLF

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

### C. The Court Should Reject R.M.'s Argument all Defendants are R.M.'s Treatment Providers

R.M. argues that each individual CRC member defendant is a treating medical provider because that he or she made a decision that affected R.M.'s serious medical needs. The CRC's general function, however, is not to provide primary treatment to inmates but to "assure the appropriateness of purchased health care services given to offenders", that is, to ensure in-house providers provide purchased medical services in compliance with Offender Health Plan. Attachment "B" to Hansen Decl., p. 9. Specialist consultations require a decision by the CRC that the consultaton is medically necessary. Dkt. 001-2, ¶ 4.4; *Id.* More importantly with regard to R.M.'s claims, evaluation or treatment of erectile dysfunction including medical or surgical treatment, implated prostheses, external erectile aids are not authorized in the OHP. Attachment "B" to Hansen Decl., p. 24-26. On these grounds, the court should reject R.M.'s argument that every individual Defendants was his treatment provider.

### D. CRC's Decision that R.M.'s Request Was Not Medically Necessary Did Not Lead to an Impermissible Missed Opportunity for Better Medical Results

R.M. argues that if the CRC on Janaury 21, 2015, had approved his request to see a urologist, he would have received Xiaflex injections and had better results but that he was denied this opportunity because his discrete lesions had "sponstaneously abated" by October 2017. Dkt. 77, p.8, ll. 18-19. The court should reject this argument as too tenuous on many fronts. R.M. provides no expert opinion on his idea of spontaneous abatement. Dr. Russell told R.M. that Xiaflex injections "have been used with some success", however, there is no basis for R.M. to assume he would be one of the success stories. Moreover, Xiaflex addresses

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY
JUDGMENT - 18-cv-05387-RBL-TLF

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

penile curvature, an erectile dysfunction treatment not covered in the Offender Health Plan so the treatment may not have been determined to be medically necessary by the CRC. Thus, the court should reject this argument on the grounds that it is not supported by the evidence in the record and is purely speculative.

**E. State Medical Negligence Action Against State Defendant is Barred by the 11th Amendment**

R.M. asserts that the State is a health care provider under R.C.W. 7.70.020(3) because it is an entity that employs one or more persons described in subpart one of the this section. Dkt. 77, p. 23, l. 9 – 24, l. 1. R.M. provides the court with no citation supporting this assertion. The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States. *Seven Up Pete Venture v. Schweitzer,* 523 F.3d 948, 953 (9th Cir. 2008). Consequently, The court should dismiss R.M.'s state medical claim against the State on the grounds the claim is barred by the Eleventh Amendment. *See Alsager v. Board of Osteopathic Medicine and Surgery*, 945 F.Supp.2d 1190 (2013)(affm'd on appeal, 573 Fed. Appx. 619 (9th Cir. 2014).

**F. The Court Should Refuse to Consider Internet and WikiPedia Articles on Drugs Used to Treat Peyronie's Disease**

There is nothing in Michael Kahrs's January 7, 2019, declaration that indicates that Mr. Kahrs is a licensed medical provider or has any experience in the medical profession that enables him to offer medical information to the court or give medical opinions in this case. Dkt. 80, ¶¶ 5, 23. For this reason, the court should refuse to consider the articles on Lisinopril and Peyronie's disease from ehealthme.com or the Wikipedia article on Xiaflex for any purpose in this case.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT - 18-cv-05387-RBL-TLF

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

If, however, the court decides to take judicial notice of Mr. Kahr's articles showing that there were 13 reported cases of Peyronie's disease found for people who took Lisinopril in 2013, Defendants request that the court to also take judicial notice that the same article states the 13 reported cases were out of 210,063 people in the United States reporting side effects when taking Lisinopril, that there were no reports of people found to have Peyronie's disease after taking Lisinopril in 2011, 2012, and 2014 and that the statistic was a warning "especially for people who are 30-39 old also taking medication Viagra and have Micturrition urgency." R.M. was not in this age range and does not alleged to have been prescribed Viagra in 2013. And, if the court is going to take judicial notice of the ehealthme.com article, then Defendants request that the court also take judicial notice of www.statista.com statistics showing that in 2013 doctors prescribed Lisinopril in the United States 104.87 million times. Attachment "C" to Hansen Decl. Given these statistics, the court should find that the probability that Lisinopril caused R.M.'s PD is infinitesimaly small.

**G. The Court Should Reject New Allegations in R.M.'s 1/7/19 Declaration**

    **1. New Allegation of Daytime Intermittent Dull Throbbing Pain in His Penis**

R.M. states in his January 7, 2019, declaration that when he first sent his kite in July 2014 to get a medical appointment, he started to suffer an intermittent dull throbbing pain in his penis during the day without an erection. He also alleges in his declaration that this affected is ability to urinate because it would spray and sometimes there would be some pain at the tip of his penis. This is the first time these allegations have been made. These allegation are not found in the Amended Complaint, his November 12, 2014, affidavit, his November 30, 2016 affidavit or his medical file. R.M. does not alleged that

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT - 18-cv-05387-RBL-TLF

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

any individual Defendant at the January 21, 2015, meeting was aware of these assertions and, thus, this court should refuse to consider these allegations in determining the issue of qualified immunity.

### 2. New Allegation About Experiencing Serious Urination Issues

Similarly, R.M. complains in his response for the first time that he experienced other serious urination issues. Dkt. 79, ¶ 17. However, R.M. does not allege urination issues in his Amended Complaint or mention this in his November 12, 2014, or November 30, 2016, Affidavits. R.M.'s medical records indicate that he either reported no urination problems or occasional urination issues. On these bases, the Court should reject this argument as unfounded.

### 3. New Allegation Attempting to Exaggerate Pain and Suffering

In his Response, R.M. now appears to be alleging that he told PA-C Phillips that "he was suffering pain every night and that when he had an erection his penis curved to one side and was painful." Dkt. 77, P.4, ll. 7-8. This new assertion differs from PA-C Phillips's Primary Encounter Report which states "[R.M.] states that when he gets an erection that it is painful and that it wakes him up everynight." It also differs from Dr. Edwards contemporaneous descriptions of R.M.'s situation as "He [said] when he has an erection the penis curves to one side and is painful. This wakes him up every night due to the pain." And "he is very troubled with severe pain with nocturnal erections, he says." Prior to his Janaury 7, 2019, R.M. had consistently claimed that it was his nocturnal erections that led to pain and not that he had pain in the night as well as when he had erections. R.M.'s new claim of nightly pain does not comport with existing evidence in the record or the fact that he failed to seek

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY
JUDGMENT - 18-cv-05387-RBL-TLF

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

medical treatment for his Peyronie's disease for long stretches of time including between August and November 2014 and between March 18, 2015 and January 3, 2017. On these bases, the court should reject R.M.'s attempt to exaggerate his alleged pain and suffering.

### 4. New Allegation that CRC Did Not Provide Explanations for Its Decisions

R.M. asserts the CRC failed to explain its decision to deny R.M.'s second request for a urology consultation. Dkt. 77, p. 6, ll. 4-5. Defendants refer the court to the Care Review Committee Report which provides a full explanation of its decision and to the Care Review Committee Decision – Patient Notification also explains the reason for the denial. Attachments "D" and "E" to Hansen Decl.

### 5. New Allegation that No One Followed Up on R.M.'s Prescription and Results

R.M. argues that "No health care provider followed up on this prescription and its results." Dkt. 77, p. 6, 9-11. R.M.'s argument is disingenuous to say the least. First, his Trental prescription went through May 18, 2015. Before then, on March 18, 2015, R.M. transferred from WSP to Washington Corrections Center ("WCC") for processing and transferred onto Clallam Bay Correctional Center ("CBCC") on March 25, 2015. At no time during the medical screening process during these transfers did R.M. identify Peyronie's disease as a health issue. Intrasystem Intake Screening form and Transfer/Release of Offender form, dated March 18, 2015, Intrastystem Intake Screening form, Transfer/Release of Offender form, and Chain Intake CBCC Primary Encounter form, dated March 25, 2015. Attachments "F", "G" and "H" to Hansen Decl. After arriving at CBCC he made his first visit to its medical clinic on August 19, 2015, where he told PA-C Peterson he was there for two issues: "1. He is hypertensive and ran out of his lisinopril 5 days ago. He would like to discontinue this. 2.

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY
JUDGMENT - 18-cv-05387-RBL-TLF

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

The patient feels rundown since completing hepatitis C treatment 11/2013." Attachment "I" to Hansen Decl. R.M. told PA-C Peterson that "He is sleeping well at night and exercising as much as he can." *Id.* R.M. reported his past medical history as only "1. Hepatitis C. 2. Hypertension." *Id.* Based on these these facts, the court should reject any claim that any individual Defendant was deliberately indifferent for failing to follow up with R.M. on his Trental medication.

**6. New Allegation of Dr. Edward's Motivation For Submitting a Second Request**

R.M. also claims for the first time that Dr. Edwards agreed to make a second request for a urology consultation because R.M.'s pain continued to worsen even after the drug was administered. Dkt. 77, p. 15, ll. 19-23. Nothing in the record supports this allegation. As noted in his January 8, 2015, encounter report Dr. Edwards submitted the second request because R.M. was upset that the CRC denied his first request and Dr. Edwards offered to submit a second request. Dkt. 53, ¶ 11.

## IV. CONCLUSION

For all of the reasons stated above and in Defendants' Summary Judgment Motion and Supplemental Brief on Qualified Immunity, Defendants request that the Court grant Defendants summary judgment as a matter of law, grant each Defendant qualified immunity against R.M.'s lawsuit and grant Defendant State qualified immunity from the suit.

DATED this 11th day of January, 2019.

ROBERT W. FERGUSON
Attorney General

s/ Michelle Hitomi Hansen
MICHELLE HITOMI HANSEN, WSBA No. 14051
Assistant Attorney General

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY
JUDGMENT - 18-cv-05387-RBL-TLF

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

PO Box 40126
Olympia, Washington 98504-0126
Tel: (360) 586-6300
E-mail: michelleh3@atg.wa.gov
Attorneys for Defendants State of Washington, Allbert, Berglin, Bovenkamp, Braid, Lopez de Castilla, Edwards, Fetroe, Hammond, Kenney, Keppler, Kroha, Larsen, Longano, Moore, Neisner, Newlon, Palmer, Remy, Reyes, Smith, Sawyer and Stanbury

s/Rhianna M. Fronapfel (signature authorized by email dated January 11, 2019)
Rhianna M. Fronapfel, WSBA #38636
Bennett Bigelow & Leedom, P.S.
601 Union Street, Ste 1500
Seattle, WA 98101-1363
rfronapfel@bbllaw.com
Attorney for Defendant
Dale Robertson, PA-C

s/Ketia B. Wick (signature authorized by email dated January 11, 2019)
Ketia B. Wick, WSBA #27219
Fain Anderson Vanderhoef, et. al.
701 5th Ave Ste 4750
Seattle, WA 98104-7089
ketia@favros.com
Attorneys for Defendant
Sheri Malakhova, MD

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT - 18-cv-05387-RBL-TLF

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and caused to be served a copy of this document on all parties or their counsel of record on the date below as follows:

Attorneys for Plaintiff:

Michael Kahrs, Esq.
Kahrs Law Firms, P.S.
2208 NW Market St., Suite 414
Seattle, WA 98107
mike@kahrslawfirm.com

Dan N. Fiorito III
Law Office of Dan N. Fiorito III
844 NW 48th Street
Seattle, WA 98107
dan@danfiorito.com

Attorney for Defendant
Dale Robertson, PA-C:

Rhianna M. Fronapfel
Bennett Bigelow & Leedom, P.S.
601 Union Street, Ste 1500
Seattle, WA 98101-1363
rfronapfel@bbllaw.com

Attorneys for Defendant
Sheri Malakhova, MD:

Ketia B. Wick
Brian P. Waters
Johnson Graffe Keay Moniz & Wick, LLP
925 4th Avenue, Ste. 2300
Seattle, WA 98104
ketia@jgkmw.com
watersb@jgkmw.com

DATED this 11th day of January, 2019, at Tumwater, Washington.

ROBERT W. FERGUSON
Attorney General

s/Michelle Hitomi Hansen
MICHELLE HITOMI HANSEN, WSBA No. 14051
Assistant Attorney General
Attorneys for Defendants State of Washington, Sheryl Allbert, Allison Berglin, Kevin Bovenkamp, B. Braid, Diego Lopez de Castilla, James J. Edwards, Dale Fetroe, G. Steven Hammond, J. David Kenney, Mary Keppler, Edith Kroha, Eric Larsen, Kenneth Lauren, Frank Longano, Ken E. Moore, Shirlee M. Neisner, Martha Newlon, Joan Palmer, Kelly Remy, Jon Reyes, F. John Smith, Kenneth Sawyer and Bo Stanbury

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT - 18-cv-05387-RBL-TLF

14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300