UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

R.M.,

     Plaintiff,

 v.

STATE OF WASHINGTON, et. al.,

     Defendants.

Case No. C18-5387-RBL-TLF

ORDER GRANTING MOTION TO AMEND AND DIRECTING SUPPLEMENTAL BRIEFING

Before the Court is plaintiff's motion for leave to file a second amended complaint. Dkt. 73. Defendants' motion for summary judgment (Dkt. 47) is also pending at this time.

Plaintiff's motion indicates that "since the filing of the lawsuit and [defendants's] motion for summary judgment, the issues have become more defined" and that the proposed amended complaint "clarifies the factual and legal basis" for the action. Dkt. 73, at 1-3. Defendants argue that the proposed amendments are futile because "they do not save the plaintiff's 8th Amendment claims from summary judgment dismissal on qualified immunity or other grounds." Dkt. 76. Defendants also argue that the time of plaintiff's motion is unduly prejudicial in light of their pending motion for summary judgment and that "no good reason is given" for the timing. *Id.*

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

ORDER GRANTING MOTION TO AMEND AND
DIRECTING SUPPLEMENTAL BRIEFING - 1

(citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added).

Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052. A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

For the most part plaintiff's proposed second amended complaint asserts factual allegations providing more specificity to his existing claims. The proposed second amended complaint also asserts some additional allegations including that, "on November 8, 2017, the CRC rejected all four possible treatments [proposed by the urology expert Dr. Russell] including injecting Varapamil or Xiaflex, topical application of Varapamil, or a penile implant as not medically necessary" and that plaintiff then exhausted his grievance with respect to this denial. Dkt. 73, at 14, p. 4.22-4.23.

The Court cannot conclude that no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim such that the amendment would be futile. Furthermore, defendants' motion for summary judgment was filed relatively early in the discovery process and thus the Court does not find that plaintiff has delayed in seeking to file his second amended complaint. Defendants have not shown they are likely to be significantly prejudiced by plaintiff's amendment. The amendment does not seek to add additional defendants

and the Court finds that the pending summary judgment motion may still be considered. The Court will allow the parties the opportunity to submit supplemental briefing in light of the second amended complaint.

In light of the liberal standard for amendments, and in the interests of ensuring that all relevant issues are properly before the Court, plaintiff's motion to file a second amended complaint is GRANTED. The Court declines to impose additional attorney's fees or costs. The Court further directs the following:

- On or before **February 22, 2019**, plaintiff is directed to file and serve his second amended complaint on all parties.
- On or before **March 8, 2019**, defendants shall file amended answers, or other responsive pleadings, in accordance with Federal Rule of Civil Procedure 15(a)(3).
- On or before **March 22, 2019**, defendants shall file supplemental brief(s) addressing any additional issues raised by plaintiff's second amended complaint relevant to their pending summary judgment motion.
- On or before **April 5, 2019**, plaintiffs shall file a supplemental response brief.
- On or before **April 12, 2019**, defendants shall file supplemental reply brief(s).
- Defendants' motion for summary judgment is re-noted for consideration to **April 12, 2019**.

Dated this 13th day of February, 2019.

Theresa L. Fricke
United States Magistrate Judge