The Honorable Ronald B. Leighton
Magistrate Judge Theresa L. Fricke

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| R.M., Individually, | NO. 18-cv-05387-RBL-TLF |
| Plaintiff, | DEFENDANTS' REPLY SUPPORTING THEIR SUPPLEMENTAL BRIEF |
| v. | **Noted for: April 12, 2019** |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

## I.      STANDARD OF REVIEW

As Defendants have shown in their previous submittals to the court, they are entitled to summary judgment in their favor on two grounds – Plaintiff R.M.'s failure to state a §1983 medical deliberate indifference claim and Defendants' qualified immunity against R.M.'s suit. To defeat Defendants' summary judgment motion, R.M. must show a) a serious medical need by demonstrating that a failure to treat his medical condition could result in further significant injury or the unnecessary and wanton infliction of pain and b) the defendants' response to the need was deliberately indifferent. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Wilhelm v. Rotman,* 680 F.3d 1113, 1122 (9th Cir. 2012).  R.M. must provide specific allegations detailing what action each defendant took or didn't take, as well as when and where, that proves each defendant's deliberate indifference to his serious medical need. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976).  R.M. has failed to do either and, thus, has failed to establish his claims.

DEFENDANTS' REPLY SUPPORTING
THEIR SUPPLEMENTAL BRIEF
18-cv-05387-RBL-TLF

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

## II. POINTS AND AUTHORITIES

### A. Difference of Opinion Does Not Give Rise to a §1983 Deliberate Indifference Claim

In his Response to Defendants' Supplemental Brief, R.M. offers a litany of additional medical options the defendants could or should have done in the course of treating him, including newly asserting that after seeing Dr. Russell's report, the defendants should have sent R.M. to see "a specialist with even more experience with these issues at major hospitals like the University of Washington." Dkt. 98, p. 3, ll. 15-19. As a matter of law, mere differences of opinion between a prisoner and prison medical staff or between two doctors as to the proper course of medical treatment for a condition does not give rise to a cognizable §1983 claim. *See Estelle,* 429 U.S. at 107; *Toguchi v. Soon Hwang Chung,* 391 F.3d 1051, 1057 (9th Cir. 2004); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989). This is the case here.

### B. R.M. Fails to Show Defendants' Course of Action Was Medically Unacceptable

Moreover, where R.M.'s doctors chose one course of action and R.M. contends they should have chosen another course of action, he "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). R.M. has not alleged nor has he presented competent evidence showing that the course of action taken by any defendant in assessing or treating his condition as Peyronie's disease was medically unacceptable and the court should so hold.

### C. R.M. Has No §1983 Action Based on the Disappearance of Palpable Plaque/Lesions

The undisputed evidence shows that during the relevant time of this suit the palpable plaque/lesions in R.M.'s penis disappeared. Dr. Edwards first examined R.M.'s penis on July 31, 2014, and noted palpable plaque in his penis. Attach. A to Jo Ella Phillips Declaration, dated November 14, 2018 ("Phillips 11/14/18 Decl."), Dkt. 58, p.5. At subsequent physical examinations on November 20, 2014 and January 8, 2015, Dr. Edwards still found plaque and noted no change in the condition of R.M.'s penis. Attachs. C and F to James Edwards

DEFENDANTS' REPLY SUPPORTING
THEIR SUPPLEMENTAL BRIEF
18-cv-05387-RBL-TLF

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Declaration, dated November 14, 2018 ("Edwards 11/14/18 Decl."), Dkt. 53, pp. 49, 52.  On November 20, 2014, Dr. Edwards, with R.M.'s agreement, prescribed and R.M started on a 180 day course of the oral medication Trental, a front line treatment for Peyronie's disease.  Attach. C to Edwards 11/14/18 Decl., Dkt 53, p. 49.

When ARNP Kroha examined R.M.'s penis two years later on January 3, 2017, her examination was negative for palpable plaque/lesions.  Attach. A to Edith Kroha Declaration, dated November 14, 2018 ("Kroha 11/14/18 Decl."), Dkt. 52, p. 5.  When she examined R.M.'s penis again on June 13, 2017, there were still no lesions.  Attach. B to Kroha 11/14/18 Decl., Dkt. 52, p. 6.  Dr. Kenney examined R.M.'s penis on July 19, 2017, and found no lesions.  Attach. A to J. David Kenney Declaration, dated November 14, 2018, Dkt. 51, p. 5-6.  Dr. Russell, the urologist consultant, also didn't find any lesions when he examined R.M.'s penis on October 6, 2017.  Attach. F to Kroha 11/14/18 Decl., Dkt. 52, p.12.

R.M. alleges in his Second Amended Complaint that the disappearance of palpable plaque meant he could not be injected with Xiaflex which he alleges is a §1983 violation.  Second Amended Complaint, Dkt. 92, ¶ 4.6, p. 6, ll. 12-18; ¶ 4.20, p. 8, ll. 24-25.  Earlier in response to Defendants' summary judgment motion, R.M. asserted that the very purpose of Xiaflex injections was to break down small collagen fragments in the penis.  Declaration of Michael Kahrs, dated January 7, 2019, Dkt. 98, p. 5, l. 5-8.  Based on this undisputed evidence, the court should find, as a matter of law, the disappearance of plaque from R.M.'s penis does not give rise to a §1983 deliberate indifference claim.

**D.   No Deliberate Indifference Exists When R.M. Unilaterally Chooses Not to Seek Treatment and Denies Assessment of Peyronie's Disease**

In reviewing the Defendants' summary judgment motion, the Court should take into account the significant gaps during which R.M. unilaterally stopped seeking treatment for his penile condition.  There was the initial eighth months from October 2013 to June 2014, when R.M. first noticed the plaque in his penis but did not report it to the WSP practitioner who gave

DEFENDANTS' REPLY SUPPORTING
THEIR SUPPLEMENTAL BRIEF
18-cv-05387-RBL-TLF

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

him weekly interferon shots to treat his Hepatitis C. Affidavit of R.M., dated November 12, 2014, attached as Attach. B to Jennifer Meyers Declaration, dated November 15, 2018, Dkt. 56, p. 5. There was the three and a half months between August 6, 2014 and November 20, 2014, when R.M. did not seek treatment for his penile condition because he was angry at the Care Review Committee for denying his request for a urology consultation. Attach. A to Julie Mason Declaration, dated November 11, 2108, Dkt. 55, p.4. There was the two years between January 8, 2015 and January 3, 2017, when R.M. did not identify Peyronie's disease as an ongoing medical concern during his transfer from the Washington State Penitentiary to the Clallam Bay Corrections Center ("CBCC") and then admittedly did not seek treatment for his penile condition even though he regularly visited the CBCC medical clinic to be treated for his hypertension and other ailments. Attachs. F, G, and H to Michelle Hansen Declaration, dated January 11, 2019, Dkt. 86, pp. 29-34; Second Amended Complaint, Dkt. 92, ¶ 4.12. This is almost three years out of the four years relevant to this lawsuit that R.M. chose not to be assessed or treated for his penile condition.

The court should also take into account that R.M. vehemently denied having Peyronie's disease when he first met ARNP Kroha at the CBCC medical clinic on January 3, 2017. Attach. A to Kroha 11/14/18 Decl. Dkt. 52, p. 5. R.M. again vehemently denied having Peyronie's disease when he saw ARNP Kroha on June 13, 2017. Attach. B to Kroha 11/14/18 Decl., Dkt. 52, p. 6-7. R.M. continues in his Response to disagree with his prison medical providers about how to treat his incurable disease which does not give rise to a claim for deliberate indifference.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d at 1060. Defendants assert that based on the undisputed evidence in the record, R.M. cannot establish a §1983 deliberate indifference claim or a state medical malpractice claim against any defendant with regard to his Peyronie's disease.

DEFENDANTS' REPLY SUPPORTING
THEIR SUPPLEMENTAL BRIEF
18-cv-05387-RBL-TLF

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**E. Defendants Refer Court to Previously Submitted Papers Showing Entitlement to Qualified Immunity**

Defendants refer the court to their Supplemental Brief regarding Qualified Immunity for their analysis and arguments on the issue of Qualified Immunity.

### III. CONCLUSION

For all of the reasons stated above, the Defendants request that the Court hold, as a matter of law, that there is no issue of material fact with regard to the claims in R.M's Second Amended Complaint, that R.M. fails to state a claim upon which relief can be granted, and that the undisputed facts establish that Defendants are entitled to summary judgment and qualified immunity as a matter of law. On these grounds, Defendants request that the Court dismiss R.M.'s 42 U.S.C. §1983 claim and his pendent State medical negligence claim with prejudice.

DATED this 11th day of April, 2019.

ROBERT W. FERGUSON
Attorney General

s/ Michelle Hitomi Hansen
MICHELLE HITOMI HANSEN, WSBA #14051
Assistant Attorney General
PO Box 40126
Olympia, Washington 98504-0126
Tel: (360) 586-6300
E-mail: michelleh3@atg.wa.gov
Attorneys for Defendants State of Washington, Allbert, Berglin, Lopez de Castilla, Edwards, Fetroe, Hammond, Kenney, Keppler, Kroha, Larsen, Longano, Moore, Neisner, Newlon, Palmer, Remy, Reyes, Smith, Sawyer and Stanbury

s/Rhianna M. Fronapfel
(signature authorized by email dated April 11, 2019)
Rhianna M. Fronapfel, WSBA #38636
Bennett Bigelow & Leedom, P.S.
601 Union Street, Ste 1500
Seattle, WA 98101-1363
rfronapfel@bbllaw.com
Attorney for Defendant
Dale Robertson, PA-C

18-cv-05387-RBL-TLF

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

|   |   |
|---|---|
| 1 | s/Ketia Wick (signature authorized by email dated April 11, 2019) |
| 2 | Ketia B. Wick<br>FAVROS Law |
| 3 | 701 5th Avenue, Ste 4750<br>Seattle, WA 98104 |
| 4 | ketia@favros.com<br>Attorneys for Defendant |
| 5 | Sheri Malakhova, MD |

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and caused to be served a copy of this document on all parties or their counsel of record on the date below as follows:

Attorneys for Plaintiff:

Michael Kahrs, Esq.
Kahrs Law Firms, P.S.
2208 NW Market St., Suite 414
Seattle, WA 98107
mike@kahrslaw firm.com

Dan N. Fiorito III
Law Office of Dan N. Fiorito III
844 NW 48th Street
Seattle, WA 98107
dan@danfiorito.com

Attorney for Defendant
Dale Robertson, PA-C:

Rhianna M. Fronapfel
Bennett Bigelow & Leedom, P.S.
601 Union Street, Ste 1500
Seattle, WA 98101-1363
rfronapfel@bbllaw.com

Attorneys for Defendant
Sheri Malakhova, MD:

Ketia B. Wick
FAVROS Law
701 5th Avenue, Ste 4750
Seattle, WA 98104
ketia@favros.com

DATED this 11th day of April, 2019.

ROBERT W. FERGUSON
Attorney General

s/ Michelle Hitomi Hansen
MICHELLE HITOMI HANSEN, WSBA No. 14051
Assistant Attorney General
PO Box 40126
Olympia, Washington 98504-0126
E-mail: michelleh3@atg.wa.gov
Attorneys for Defendants

DEFENDANTS' REPLY SUPPORTING
THEIR SUPPLEMENTAL BRIEF
18-cv-05387-RBL-TLF

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300