The Honorable Ronald B. Leighton
Magistrate Judge Theresa L. Fricke

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| R.M., Individually,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　　Defendants. | NO. 18-cv-05387-RBL-TLF<br><br>DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION DKT 102<br><br>Noted for June 7, 2019 |

Defendants respectfully submit the following objections to the Magistrate Judge's Report and Recommendation to Deny Defendants' Summary Judgment Motion Concerning Qualified Immunity, issued on May 23, 2019. Under both §636 (b)(1)(C) and LCR 72, this Court must make a *de novo* determination of those portions of the report to which an objection has been made. Defendants submit these objections to the Report and Recommendation to preserve matters for this Court's review as well as for subsequent review.

## I.   SUMMARY OF DEFENDANTS' OBJECTIONS

1. The Magistrate Judge's recommendation to deny Defendant's summary judgment motion based on qualified immunity with prejudice should be rejected as unwarranted and unreasonable at this stage of litigation;

2. Given the Magistrate Judge's extensive factual recitation in addressing Defendants' summary judgment motion, the Court's order must clarify that it has not resolved any disputed factual issues;

DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

3. The Magistrate Judge erroneously relied on *Hayes v. Snyder,* 546 F.3d 516 (7th Cir. 2008), which is not factually analogous, and the Court should reject it as a basis to deny Defendants' summary judgment motion based on qualified immunity;

4. The Magistrate Judge's Report and Recommendations erroneously concluded that the Seventh Circuit Court of Appeals decision in *Hayes* is the controlling law in this case, contrary to Supreme Court and Ninth Circuit rulings.

## II.   OBJECTIONS AND AUTHORITIES FOR OBJECTIONS

**A.   Any Denial of Defendants' Motion Should Be Without Prejudice and Must Not Resolve Any Disputed Factual Issues**

As a preliminary matter, the Report and Recommendation to Deny Defendants' Summary Judgment Motion Concerning Qualified Immunity ("R&R") invites the Court to deny the defendants' Motion for dismissal based on qualified immunity ***with prejudice***, and to "hold that for purposes of qualified immunity analysis, the defendants conduct in evaluation and treatment of plaintiff concerning his Peyronie's disease violated a clearly establish right." *See* Dkt 102 (hereafter "R&R") at 31:21-23.  For the reasons discussed herein, Defendants[1] disagree that their Motion should be denied on qualified immunity grounds, and respectfully request that the Court grant the defendants' Motion for Summary judgment on the basis that defendants are entitled to qualified immunity.

Importantly, however, even if the Court denies Defendants' summary judgment motion on qualified immunity grounds, that denial should be *without prejudice*.  As the Court correctly noted in the R&R, a qualified immunity analysis requires the Court to consider a certain amount of factual granularity.  *See* R&R at 22:12-14.  Such an analysis of facts is necessary because the legal issue underlying a qualified immunity analysis – whether the state of the law at the time of the incident provided "fair warning" to defendants that their alleged conduct was

---

[1] In footnote 2 of the R&R, the Magistrate Judge identified all of the defendants as current employees of the State of Washington. Two of the defendants - Sheri Malakhova, MD, and Dale Robertson, PA-C - were independent contractors for the State of Washington at the time of the events at issue in this case, and not employees. Some of the other defendants were at the time but are no longer State of Washington employees.

DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

unconstitutional - depends necessarily on the nature of the "incident" and the nature of the "conduct." In denying summary judgment motion at an early stage of litigation, the Court necessarily must consider these issues based on a universe of facts that have not been fully developed by virtue of the discovery process.[2]

In concluding that genuine issues of material fact exist that preclude summary judgment on qualified immunity in the present case, the R&R references several allegations of the plaintiff asserted in his own pleadings and self-serving declarations. For example, in concluding that qualified immunity does not apply, the R&R cites to Plaintiff's own declaration in stating that "Plaintiff repeatedly reported the painful symptoms of the disease as well as the deformity, plaques and nodules, and at various points complained of urinary issues from July 2014 to early 2015, when he was transferred to a different prison." *See* R&R at 25:20-22. However, the Defendants strongly deny the nature and extent of Plaintiff's purported complaints, many of which are not supported by corroborating evidence. Defendants have not yet had the opportunity to take the deposition of the Plaintiff or conduct other discovery with respect to these issues. The providers to whom Plaintiff allegedly reported these symptoms have not yet testified. It is notable that, in many of the qualified immunity cases referenced by the Court, the Court makes reference to facts and testimony developed in discovery in determining whether dismissal based on qualified immunity grounds is appropriate. *See, e.g., Hayes v. Snyder*, 546 F.3d 516 (7th Cir. 2008). Defendants respectfully request that the parties should be permitted to revisit this issue on a dispositive motion following the close of discovery. If, based on the facts known at that time, the Court concludes (for instance) that no reasonable fact-finder could find that a reasonable officer would know that their conduct was unlawful under the circumstances,

---

[2] Defendants note that they dispute numerous facts alleged by the plaintiff and adopted by the Court in the analysis contained in the R&R. Given the obligation of the Court to review the facts in the light most favorable to the non-moving party on a summary judgment motion, defendants do not engage in a point-by-point rebuttal of facts for the purpose of the present Objections. Defendants specifically reserve the right to challenge any factual allegations pursuant to future motion practice, and at the time of trial.

DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Case 3:18-cv-05387-RBL-TLF   Document 103   Filed 06/06/19   Page 4 of 13

then summary judgment would be appropriate. *See Bonivert v. City of Clarkson,* 883 F.3d 865, 871-72 (9th Circ. 2018).

Moreover, even if the Defendants' motion for dismissal on qualified immunity is denied by the Court at this stage, it is important to recognize that all disputed issues of fact remain open questions at the time of trial. Any denial of the Motion must not purport to resolve any factual issues. As the R&R correctly points out, on a motion for summary judgment the Court is not permitted to weigh evidence or decide credibility. *See* R&R at 21:1-2, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The weight of evidence is a jury question, and the factual determinations made by the jury are relevant not only to the merits of the §1983 claim, but to the issue of whether qualified immunity itself applies. *See Morales v. Fry,* 873 F.3d 817, 822-23 (9th Cir. 2017) (observing that if a qualified immunity case goes to trial because genuinely disputed issues of material fact remain, then the qualified immunity from suit is transformed into a defense). While the Court appropriately views the facts in the light most favorable to the non-moving party at the time of summary judgment, the jury's ultimate factual determinations may or may not ultimately support a qualified immunity defense.

Accordingly, even if in the present case the Defendants' motion for summary judgment on qualified immunity is denied on the basis of existing issues of material fact, Defendants respectfully request that the Court decline to follow R&R's recommendation to "hold that for purposes of qualified immunity analysis, the defendants' conduct in evaluation and treatment of plaintiff concerning his Peyronie's disease violated a clearly established constitutional right." *See* R&R at 31:21-23. Issues relevant to determining the first prong of plaintiff's assertion that qualified immunity does not apply – including the nature of the conduct, evaluation, and treatment, the underlying considerations governing that conduct, and the actual complaints made by the plaintiff and what the defendants knew – all represent disputed issues of fact to be decided by a jury. *Morales,* 873 F.3d at 824 (referring to special interrogatories to the jury in the context of a qualified immunity defense). Based on the jury's factual findings on

REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

these issues, the defendants must be permitted to argue that no clearly established law put the defendants on notice that their conduct was unlawful or violated a clearly established right, for the purpose of qualified immunity analysis. *See Morales*, 873 F.3d at 823-27 ("[w]hen there are disputed factual issues that are necessary to a qualified immunity decision, these issues must first be determined by the jury before the court can rule on qualified immunity. The issue can be raised in a [Federal Rule of Civil Procedure] Rule 50(a) motion at the close of evidence.") (citing to Ninth Circuit Model Civil Jury Instruction 9.37 (2017)).

Based on the above, Defendants respectfully request that, should Defendants' motion for summary judgment on qualified immunity be denied, it be denied *without prejudice,* and without resolving or purporting to resolve any factual issues relevant to either the qualified immunity defense, or the Plaintiff's underlying §1983 or medical negligence claims.

**B.** ***Hayes v. Snyder* is Not Analogous and Therefore Not Controlling as a Basis to Deny Defendants' Summary Judgment Motion Based on Qualified Immunity**

In the R&R, the Court opines that "The closest case law existing at the time of events…that should have put the defendants on notice -- for purposes of qualified immunity -- is from the United States Court of Appeals for the Seventh Circuit"…. *Hayes v. Snyder*, 546 F.3d 516 (7th Cir. 2008). *See* R&R at 23:13-15. The Court utilizes this case to conclude that "although there are no cases with precisely the same facts, there is substantial analogous authority such that the state of the law at the time of the incidents in question provided fair warning to the defendants that their allege conduct was unconstitutional." *Id*. at 23:7-8. However, the Court's reliance on Hayes is misplaced because it is not analogous and should not be a basis to deny defendants' summary judgment on qualified immunity.

In *Hayes*, the inmate was seen by Dr. Hamby along with other medical providers and was noted to complain of cysts and growths on his testicles causing muscle cramps compressing his testicles and excruciating pain. *See Hayes*, 546 F.3d at 518. He also could not urinate without extraordinary measures. *Id*. During its analysis, the *Hayes* court held that "A claim of

DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1   deliberate indifference to a serious medical need contains both an objective and subjective
2   component." *Id*. at 522. The court did not hold, nor has Plaintiff argued, that a denial of a
3   referral to a medical expert is always a violation of constitutional rights.
4         For the objective component, the *Hayes* court relied on *Gutierrez v. Peters*, 111 F.3d
5   1364, 1373 (7th Cir. 1997), and determined that the objective component was met if a serious
6   medical need existed where the condition featured "chronic and substantial pain." *Hayes,* 546
7   F.3d at 523. Taking the facts most favorable to Plaintiff here, he "began experiencing
8   intermittent dull throbbing pain during the day" and "sometimes there would be some pain at the
9   tip of his penis." *See* R&R at 3:14-16. He also had pain with nightly erections. *Id*. at 3:18-
10  19. However, he had no issues with urination. *Id*. at 7:20-21. A few months later, Plaintiff
11  described his condition as "painful with erection…. and unable to masturbate." *Id*. at 8:3-
12  5. During the entire course of treatment, even if taken in the light most favorable to Plaintiff,
13  the most pain plaintiff complained of was "severe pain with nocturnal erections." *Id*. at 8:21-
14  22; 9:1; 9:11; 10:23; and 11:14. In addition, by 2017, Plaintiff again denied any interference
15  with urinary stream or function. *Id*. at 11:22. Based on these facts, there can be no finding
16  consistent with the *Hayes* analysis of chronic or substantial pain to establish the objective
17  component since the only severe pain he had was with erections, and erections are avoidable. He
18  never had unavoidable substantial or chronic pain as required by the *Hayes* court.
19        Likewise, the facts at issue in Plaintiff's case also do not establish the subjective
20  component required by the *Hayes* court. For the subjective component, the *Hayes* court held
21  that it was met because a "jury could find that the relevant officials knew of the serious medical
22  condition but intentionally or recklessly disregarded it." *See Hayes*, 546 F.3d at 523. In *Hayes*,
23  the treating physician Dr. Hamby was deposed and admitted that he did not refer the patient to
24  the urologist and treat his pain despite recommendations from other providers because he did
25  not have the proper paperwork, not because he used his medical judgment to determine it was
26  not needed. *Id*. at 524. He also admitted that he refused to medicate inmate Hayes for pain,

DEFENDANTS' OBJECTIONS TO  
REPORT AND RECOMMENDATION  
DKT 102 NO. 18-cv-05387-RBL-TLF

6

ATTORNEY GENERAL OF WASHINGTON  
Torts Division  
7141 Cleanwater Drive SW  
PO Box 40126  
Olympia, WA 98504-0126  
(360) 586-6300

1  despite there being a policy in place to do so, because "no pain experienced by any prisoner ever
2  warrants prescription-strength painkillers." *Id*. at 525.  The Hayes court also concluded from
3  Dr. Hamby's deposition testimony that a jury could find that he was "hostile and dismissive to
4  Hayes' needs." *Id*.

5  With Plaintiff in this case, the Court is aware and acknowledges that he was correctly
6  diagnosed with Peyronie's disease at this first visit on July 31, 2014. *See* R&R at 4:5-6.  The
7  medical literature at the time indicated that "there was no definitive treatment or cure for this
8  condition." *Id*. at 5:13-14.  Despite the literature available at the time, Plaintiff was prescribed
9  Trental for 180 days, which was first on the list of drugs for this condition in the literature. *Id*.
10 at 8:7-9.

11 Even taking the facts most favorable to Plaintiff under the objective analysis in *Hayes*,
12 he was not suffering from chronic and substantial pain.  Further, Plaintiff has failed to provide
13 evidence to show: (1) that the treatment provided was inconsistent with the literature for this
14 diagnosis, (2) that Trental was a "medically unacceptable" treatment under the circumstances,
15 or (3) that failure to refer by itself is a constitutional violation.

16 Similarly, under the subjective analysis in *Hayes*, at no time has there been any factual
17 assertions that the medical providers believed systemically that no prisoner should receive
18 prescription-strength pain medication, that they were hostile towards plaintiff, or that they were
19 dismissive to his complaints.  Rather, the evidence is that the CRC used medical judgment based
20 on the known diagnosis and the information available to conclude that a referral to a urologist
21 was not required at that time.   Therefore, *Hayes* should not be controlling as a basis to deny
22 Defendants' summary judgment motion based on qualified immunity.

23 **C.  Contrary to Supreme Court and Ninth Circuit Law, the Magistrate Judge Erred in Relying on a Single Seventh Circuit Case to Deny Defendants Qualified Immunity**

24 The long standing rule for a plaintiff to defeat a defendant's assertion of qualified
25 immunity is that the plaintiff must succeed in showing both: (1) that the official violated a
26

DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.' " *Wood v. Moss,* 134 S. Ct. 2056, 2066–67 (2014) (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011)); *Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012).

Respectfully, Defendants object to the Magistrate Judge's conclusion in the R&R that plaintiff met both prongs of this test. *See* Section A, *supra*, at p. 4-5 for Defendants' discussion related to the first prong of the test. To establish the second prong, plaintiff must point to prior case law that articulates a constitutional right sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Ashcroft,* 563 U.S. at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)); *Sharp v. Cty. of Orange,* 871 F.3d 901, 911 (9th Cir. 2017). To achieve this level of notice, the prior precedent must be 'controlling' – from the Ninth Circuit or Supreme Court – or otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction. *Wilson v. Layne,* 526 U.S. 603, 617 (1999); *Sharp,* 871 F.3d at 911.

The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent and those who knowingly violate the law." *Hunter v. Bryant,* 502 U.S. 224, 229 (1991)(quoting *Malley v. Briggs,* 475 U.S. 335, 343 and 341 (1986)). An official is entitled to qualified immunity unless existing case law "squarely governs" the case. *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015).

The United States Supreme Court has specifically and repeatedly admonished the Ninth Circuit for erroneously defining "clearly established law" at too high a level of generality. *City and Cty. of San Francisco, Calif. v. Sheehan,* 135 S. Ct 1765, 1776, (2015); *Lopez v. Smith,* 574 U.S. 1, 4 (2014); *Ashcroft,* 563 U.S. at 742. The Supreme Court has also repeatedly instructed that the lower courts must examine "whether the violative nature of *particular* conduct is clearly established" by controlling precedent. *Mullenix,* 136 S. Ct. 305, 308, (per curiam)(quoting *Ashcroft*, 563 U.S. at 742).

| | | |
|---|---|---|
| DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION DKT 102 NO. 18-cv-05387-RBL-TLF | 8 | ATTORNEY GENERAL OF WASHINGTON Torts Division 7141 Cleanwater Drive SW PO Box 40126 Olympia, WA 98504-0126 (360) 586-6300 |

1  Here, the Magistrate Judge acknowledged that "there are no cases with precisely the same facts"
2  in the Ninth Circuit at the time of the incidents alleged by plaintiff. *See R&R* at 23:6-8.  Her
3  honor then relied on a Seventh Circuit case, *Hayes v. Snyder*, 546 F.3d 516 (7th Cir. 2008)
4  because she found it was "the closest case law existing at the time of the events in this case that
5  should have put the defendants on notice – for purposes of qualified immunity – that their
6  alleged conduct was unconstitutional." See R&R at 23:5-15.

7　　　A single case from a different Circuit simply does not satisfy Supreme Court and Ninth
8  Circuit Court's requirement that out-of-circuit "controlling" precedent must be one that is
9  embraced by a "consensus" of courts outside the relevant jurisdiction.  *Sharp,* 871 F.3d at 911.
10  There are no controlling cases from the Supreme Court, the Ninth Circuit or by out-of-circuit
11  consensus that applies to the instant case.  Consequently, Plaintiff cannot defeat Defendants'
12  qualified immunity because he cannot meet the second prong of the test.  On this basis,
13  respectfully this Court must reject the Magistrate Judge's recommendation and find that all of
14  the defendants are entitled to qualified immunity from plaintiff's lawsuit.

15　　　The Magistrate Judge identified two Ninth Circuit cases which her honor described as
16  "clearly established Ninth Circuit precedent that a delay or denial of medical care due to
17  inadequate treatment may constitute deliberate indifference under the Eighth Amendment." *See*
18  R&R at 29:21 - 30:8.  Her honor recognized, however, that these cases were factually dissimilar
19  from the instant case.  *Id*. at 29:22.  In the first case, *Ortiz v. City of Imperial,* 884 F.2d 1312,
20  1313 (9th Cir. 1989), prison medical personnel ignored a prisoner's head injury and instead
21  treated him as though he had alcohol withdrawal symptoms, with the prison doctor prescribing
22  sedatives over the phone that were inappropriate for his head injuries and without doing a
23  physical examination.  Plaintiff here was never in a medical emergency situation.  He was being
24  treated for the correct disease and did not suffer from emergent medical complications.  *Ortiz*
25  is not analogous and, respectfully, the Court should reject the Magistrate Judge's
26

DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

recommendation that this case represents controlling law in plaintiff's situation on the issue of whether any defendant unconstitutionally delayed plaintiff's treatment.

Similarly, the second case cited in the R&R, *Tenore v. Goodgame*, No. 2:11-cv-1082 WSB CKD P, 2014 WL 496697 (E.D. Cal 2014) is equally inapplicable to plaintiff's case. In *Tenore,* prison medical personnel may have misdiagnosed a prisoner's ailment multiple times and, as a result, prescribed wrong medication to him multiple times which was why the medication he received was ineffective. In contrast, Plaintiff here was diagnosed with the correct disease at his first medical visit on July 31, 2014, and does not allege that he was ever prescribed wrong medication. Respectfully, the Court should also reject the Magistrate Judge's recommendation that this case is controlling law on the issue of an unconstitutional delay in plaintiff's treatment.

The R&R additionally relies on *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982), *Ortiz, supra, Toussaint v. McCarthy,* 801 F.2d 1080 (9th Cir. 1986) and *Snow v. McDaniel*, 681 F.3d 978 (9th Cir. 2012) as controlling law giving notice to the defendants that they were required to refer plaintiff for an outside urology consultation because in-house prison medical staff was not competent to examine, diagnose and treat plaintiff's Peyronie's disease. *See* R&R at 30:9 – 31:2. In *Hoptowit* and *Tousaint*, the Ninth Circuit Court addressed systematic failures in each States' prison system, including criticizing how the prison medical clinics were managed as a whole. Plaintiff has not alleged any mismanagement of the prison medical clinics he used nor alleged that any defendant was incompetent to examine, diagnose or treat him.

*Snow, supra*, the last case referenced in the R&R is also patently dissimilar to plaintiff's case. In *Snow*, prison medical doctors failed to authorize joint replacement surgery for a death row inmate whose hip disease had reached a point where he could barely walk and the NSAID pain medication the doctors prescribed were rapidly increasing his creatinine levels. Plaintiff here has not alleged any inability to perform his activities of daily living or submitted evidence

DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

showing that Trental was a medically unacceptable treatment under his circumstances. Respectfully, the court should reject the Magistrate Judge's recommendations on this issue.

**D.  In 2016, Midway Through the Relevant Period, the Ninth and Sixth Circuits Held Defendants' Actions Were Constitutional and Merited Qualified Immunity**

The R&R alluded to the potential that if the facts are fully developed through discovery, this case could be interpreted to fit the "obvious" category. *See* R&R at 23:9-10. Such a conjecture is not a basis for denying qualified immunity and should be struck from the order. Moreover, it is unlikely that this case will turn out to be that rare "obviously unconstitutional" case because midway through the relevant time period of Plaintiff's claim, the Ninth Circuit issued its ruling in *Hamby v. Hammond,* 821 F.3d 1085 (9th Cir. 2016)(filed May 2, 2016), which held that qualified immunity applied in situations where prison medical providers chose a more conservative, non-surgical approach to medical treatment and declined to refer the prisoner for surgical evaluation despite knowing the prisoner was experiencing chronic pain. *Hamby*, 821 F.3d at 1093. Around the same time, on June 6, 2016, the Sixth Circuit Court of Appeals affirmed a decision granting qualified immunity in a situation virtually identical to the instant case where the prisoner, who was diagnosed with Peyronie's disease and experienced intermittent pain in his penis, received conservative medical treatment using the same drug, pentoxifylline, and was not referred for evaluation. *Odom v. Corizon, Inc.,* No. 1:14-CV-606, 2015 WL 5749532 (W.D. Mich. Sept. 30, 2015), affirmed 6th Cir., # 15-2254, June 6, 2016.[3] In other words, during the timeframe of this case, controlling law developed in the Ninth Circuit and elsewhere upholding qualified immunity for prison medical providers in circumstances similar to that faced by the Defendants here.

---

[3] The court can get an overview of Peyronie's disease by reviewing the referenced information attached in *Odom v. Corizon, Inc., 2015 WL 5749532* (Signed Sept. 30, 2015) at fn. 1 (Peyronie's disease "is the development of fibrous scar tissue inside the penis that causes curved, painful erections." See Peyronie's Disease, available at http://www.mayoclinic.org/diseases-conditions-disease/basics/definition con-20028765).

DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION DKT 102 NO. 18-cv-05387-RBL-TLF

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

### III. CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court reverse the recommendations made by the Report and Recommendations and instead grant the Defendants' Motion for Summary Judgment based on qualified immunity.

DATED this 6th day of June, 2019.

ROBERT W. FERGUSON
Attorney General

s/ Michelle Hitomi Hansen
MICHELLE HITOMI HANSEN, WSBA No. 14051
Assistant Attorney General
7141 Cleanwater Drive SW
PO Box 40126
Olympia, Washington  98504-0126
Tel: (360) 586-6300
E-mail: michelleh3@atg.wa.gov
Fax:  (360) 586-6655
Attorneys for Defendants State of Washington, Allbert, Berglin, Lopez de Castilla, Edwards, Fetroe, Hammond, Kenney, Keppler, Kroha, Larsen, Longano, Moore, Neisner, Newlon, Palmer, Remy, Reyes, Smith, Sawyer and Stanbury

s/Rhianna M. Fronapfel
(signature authorized by email dated June 6, 2019)
Rhianna M. Fronapfel, WSBA #38636
Bennett Bigelow & Leedom, P.S.
601 Union Street, Ste 1500
Seattle, WA  98101-1363
rfronapfel@bbllaw.com
Attorney for Defendant
Dale Robertson, PA-C

s/Ketia Wick (signature authorized by email dated June 6, 2019)
Ketia B. Wick
FAVROS Law
701 5th Avenue, Ste 4750
Seattle, WA  98104
ketia@favros.com
Attorneys for Defendant
Sheri Malakhova, MD

DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and caused to be served a copy of this document on all parties or their counsel of record on the date below as follows:

Attorneys for Plaintiff:

Michael Kahrs, Esq.
Kahrs Law Firms, P.S.
2208 NW Market St., Suite 414
Seattle, WA 98107
mike@kahrslawfirm.com

Dan N. Fiorito III
Law Office of Dan N. Fiorito III
844 NW 48th Street
Seattle, WA 98107
dan@danfiorito.com

Attorney for Defendant
Dale Robertson, PA-C:

Rhianna M. Fronapfel
Bennett Bigelow & Leedom, P.S.
601 Union Street, Ste 1500
Seattle, WA 98101-1363
rfronapfel@bbllaw.com

Attorneys for Defendant
Sheri Malakhova, MD:

Ketia B. Wick
FAVROS Law
701 5th Avenue, Ste 4750
Seattle, WA 98104
ketia@favros.com

DATED this 6th day of June, 2019.

ROBERT W. FERGUSON
Attorney General

s/Michelle Hitomi Hansen
MICHELLE HITOMI HANSEN, WSBA No. 14051
Assistant Attorney General
Attorneys for Defendants State of Washington, Allbert, Berglin, Lopez de Castilla, Edwards, Fetroe, Hammond, Kenney, Keppler, Kroha, Larsen, Longano, Moore, Neisner, Newlon, Palmer, Remy, Reyes, Smith, Sawyer and Stanbury

DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
DKT 102 NO. 18-cv-05387-RBL-TLF

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300