# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| R.M., <br><br> Plaintiff, <br> v. <br><br> State of Washington, *et al.*, <br><br> Defendants. | Case No. 3:18-cv-05387-BHS-TLF <br><br> ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL |

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has been represented by counsel from the inception of this case, but his counsel have requested leave to withdraw, to which plaintiff has consented. Dkt. 117. On May 10, 2021, the Court held a status conference regarding the motion to withdraw, during which plaintiff requested the appointment of *pro bono* counsel to represent him in this matter. Dkt. 130. For the reasons discussed below, the Court concludes that the interests of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent plaintiff in this matter.

Plaintiff, a prisoner currently confined at Clallam Bay Corrections Center, filed this 42 U.S.C. § 1983 action on May 15, 2018. Dkt. 1. Plaintiff's amended complaint, filed on February 23, 2019, alleges defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical need in treating his Peyronie's disease. Dkt. 92, at 9-10. Plaintiff also alleges state law medical negligence claims

against defendants based on the breach of their duty to properly treat him, resulting in damages. *Id*.

The individual defendants are members of the Washington State Department of Corrections Care Review Committee ("CRC") that made decisions related to plaintiff's treatment on several separate occasions during the period in question. *Id*., at 1-10. Plaintiff alleges that three of the named defendants, in addition to participating in at least one of the CRC decisions at issue, also directly examined and/or treated plaintiff for his condition. *Id*. The State of Washington is also named as a defendant, but with respect to plaintiff's state law negligence claim only. *Id*.

Defendants brought an early motion for summary judgment, prior to the completion of fact or expert discovery. Dkt. 47. On February 23, 2019, this Court issued a Report and Recommendation (R&R) recommending denial of defendants' motion on the ground of qualified immunity, and the deferral of defendants' arguments on the merits of the Eighth Amendment and negligence claims until discovery had been completed (Dkt. 102); the District Court adopted the R&R (Dkt. 106).

The Court has since granted joint requests by the parties to extend discovery and case deadlines due, in part, to the impact of the COVID 19 pandemic. Dkts. 114, 116. In connection with the motion of plaintiff's counsel to withdraw and plaintiff's request for appointed counsel, the Court has suspended the current case schedule and will hold a second status conference after the appearance of *pro bono* counsel for plaintiff to establish new case deadlines. Dkts. 130m 131.[1]

---

[1] Prior to the Court's suspension of these deadlines, defendants filed a motion for summary judgment within the then-existing April 30, 2021 dispositive motion deadline. Dkts. 127, 129. The Court has terminated the noting date of this motion, and defendants will be permitted to supplement their motion, or to withdraw and re-file it, after a new time schedule is established. Dkt. 131.

ORDER DIRECTING CLERK TO IDENTIFY PRO BONO
COUNSEL - 2

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

While the Court cannot, at this time, determine plaintiff's ultimate likelihood of success on the merits, his claims have already survived a motion for summary judgment based upon qualified immunity. Dkts. 102, 106. It is noteworthy, however, that plaintiff had the assistance of retained counsel—who now seek to withdraw—in defeating defendants' motion. Completing discovery and litigating the merits of the Eighth Amendment and state law claims will similarly require legal skill, as well as the ability to develop complex medical and expert evidence regarding plaintiff's Peyronie's disease and its treatment. The Court concludes that this case presents extraordinary circumstances that support the appointment of counsel pursuant to 28 U.S.C. § 1915.

The Clerk is hereby directed to take steps to identify counsel from the Pro Bono Panel to represent plaintiff for the duration of this action. Current counsel for plaintiff shall file, under seal, plaintiff's full name and inmate number. The Clerk shall then forward the names of the parties to the selected attorney so that he or she can determine whether they have a conflict of interest. The selected attorney shall promptly

notify the Clerk as to whether a conflict exists. As soon as the Clerk receives confirmation from a selected attorney that there is no conflict of interest, the Clerk shall notify the undersigned so that the Court may appoint the selected attorney to represent plaintiff.

The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 11th day of May, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL - 4