1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

R.M.,

                Plaintiff,

9

    v.

10

State of Washington, et al.,

11

               Defendants.

Case No. 3:18-cv-05387-BHS-TLF

ORDER ON PARTIES' STATUS
REPORTS

12
13

      This matter comes before the Court on the parties' submission of status reports

14

(Dkts.  150, 151, 152) in response to the Court's order requiring a joint status report

(Dkt. 146).

15
16

      Plaintiff initiated this matter at a time when he was represented by counsel, on

17

May 15, 2018, alleging claims under 42 U.S.C. §1983 for deliberate indifference to his

serious medical needs and under state law for medical negligence. Dkt. 1. Plaintiff has

18

been represented by counsel throughout the majority of the pendency of this case, until

19

his counsel was permitted to withdraw on July 22, 2021. Dkt. 134.

20

      Before the withdrawal of counsel, the parties had presented several stipulated

21

requests for continuances to the Court, which represented that they had been diligently

22

pursuing discovery, but had been unable to complete limited remaining deposition

23
24
25

discovery due to the complications posed by the Covid-19 pandemic. Dkts. 119, 120, 121.

In connection with the withdrawal motion, defendants requested an additional extension of the discovery deadline in order to take two depositions. Dkt. 119 at 1. Plaintiff objected to any extension. Dkt. 117 at 2. The Court concluded that an extension was appropriate and set a new discovery cutoff of October 22, 2021. Dkt. 134.

After the withdrawal of plaintiff's counsel, plaintiff sought an extension of the existing case schedule. Dkt. 136. Because plaintiff had not yet received his case file and discovery materials from his prior counsel, the Court declined at that time to set new case deadlines or to address discovery issues raised by the parties. Instead, the Court gave plaintiff 90 days in which to review his case materials and ordered the parties to meet and confer and to submit a joint status report containing a proposed discovery plan addressing the specific additional discovery sought, why it is not cumulative, and how expenses the party is required to bear would be funded. Dkt. 146 at 5.

A.    Failure to Meet and Confer

Although ordered to do so, the parties were unable to meet and confer. While scheduling difficulties affected their progress, the parties' reports indicate that plaintiff declined one scheduled meeting because he "had other plans" and declined to participate in a second due to the requirements imposed as a result of an ongoing quarantine, including the need to utilize Personal Protective Equipment. Dkt. 152 at 2–3; Dkt. 150 at 3–4. While the COVID-19 pandemic has imposed unforeseen challenges upon all parties, the Court expects the parties to maintain a cooperative approach, including exercising flexibility where possible, to meet Court requirements. Going

forward, failure to comply with meet and confer requirements may result in striking a motion, or opposition to a motion, filed by a party who has refused to meet and confer.

B.    Discovery

The parties were unable to agree to a joint discovery plan. The Court separately addresses the discovery issues raised by defendants and by plaintiff.

The Court notes that at the time plaintiff's counsel withdrew, all parties agreed that discovery was substantially completed, with only a limited number of depositions remaining. The Court proceeds with the expectation that any further discovery will be limited in scope and will not be cumulative of discovery already requested or provided. As the Court has previously stated, the Court will not permit a full reopening of discovery. *See* Dkt. 146 at 4.

1.    Defendants' Requested Discovery

Defendants seek only the depositions of plaintiff and plaintiff's expert, Dr. Walsh (to the extent Dr. Walsh remains plaintiff's expert). Dkt. 152 at 4. Defendants report that the prison in which plaintiff is confined will now permit remote depositions. *Id.* Defendants request that plaintiff confirm that Dr. Walsh will continue as plaintiff's expert before they take steps to schedule his deposition. *Id.*

The Court finds that the limited discovery proposed by defendants is reasonable, is not cumulative, and had previously been agreed to by the parties. Plaintiff is directed to cooperate with defendants in scheduling his remote deposition. Plaintiff may not condition the scheduling of his deposition upon the receipt of any other discovery in this case. *See* Fed. R. Civ. P. 26(d)(3)(B). Plaintiff shall also provide a statement to defendants, within 30 days of this Order, indicating whether he will be proceeding with Dr. Walsh as his expert witness; if so, plaintiff shall cooperate in scheduling the

1  deposition of Dr. Walsh—which may also be conducted remotely. Failure to comply with

2  the Court's Order may result in sanctions.

3        2.    <u>Plaintiff's Requested Discovery</u>

4        Plaintiff identifies additional information he believes he has requested but not

5  received (Dkt. 150 at 4–6). Yet it is not clear from plaintiff's discussion whether any of

6  the information was the subject of a previous discovery request. In *pro se* prisoner

7  cases, there is no initial disclosure obligation; thus, no party is required to provide

8  discovery unless it is specifically requested under the discovery rules. Fed. R. Civ. P.

9  26(a)(1)(B)(iv).

10        Furthermore, if information has been requested and a party is dissatisfied with

11  the response, the parties must meet and confer regarding any purported insufficiency in

12  the response, in accordance with Fed. R. Civ. P. 34(a)(1) and Local Rules, Western

13  District of Washington ("LCR") 37(a)(1). If the parties cannot resolve their differences,

14  the requesting party may then bring a motion to compel pursuant to Fed. R. Civ. P. 37

15  but must include with the motion a certification that the parties have met and conferred

16  in accordance with LCR 37(a)(1). Plaintiff does not indicate whether he or his counsel

17  have previously served discovery requests seeking the information he now identifies,

18  whether the parties have met and conferred over any alleged failure to provide

19  requested information, or whether the requested information is cumulative of discovery

20  already provided.[1]

21

22      [1] Plaintiff states that, notwithstanding the 90 days provided by the Court to review his files, he has only

23  "scanned" the materials provided by his former counsel. Dkt. 150 at 5. The Court reiterates that it will not
permit any discovery that is cumulative and the additional discovery permitted herein is conditioned upon
its not having been previously requested or provided.

24

25

ORDER ON PARTIES' STATUS REPORTS - 4

1  Plaintiff identifies the following areas of discovery he seeks: (a) records related to

2  an alleged November 8, 2017 denial of treatment options recommended by Dr. Byron

3  Russell; (b) identity and credentials of a Care Review Committee ("CRC") member

4  present at an August 6, 2014 CRC meeting who has Urology experience at Harborview;

5  and (c) plaintiff's medical records and communications with treating provider Dr. Aurich.

6  Dkt. 150 at 4–6. If these materials have not been previously requested by or produced

7  to plaintiff, he may serve defendants with written discovery requests seeking this

8  information pursuant to and in compliance with Fed. R. Civ. P. 33[2], 34 or 36.[3]

9  If plaintiff contends that this information has been sought in prior written

10  discovery requests but defendants have failed to provide it (or if he makes requests and

11  is not satisfied with defendants' responses), he must meet and confer with defendants

12  regarding any purported insufficiency in their response, in accordance with Fed. R. Civ.

13  P. 34(a)(1) and "LCR" 37(a)(1). If the parties cannot resolve their differences, plaintiff

14  may then bring a motion to compel pursuant to Fed. R. Civ. P. 37 and LCR 37(a)(1) and

15  the Court's Pretrial Scheduling Order.

16  Plaintiff does not seek to take any depositions (Dkt. 150 at 6) but requests a

17  court-ordered medical examination by a urologist (*Id*. at 6–7). The Court construes this

18  as a request for an independent medical examination ("IME") pursuant to Fed. R. Civ. P.

19  35.

20

21

22

23

24

25

---

[2] If prior written discovery requests have exceeded the 25 written interrogatories permitted by Fed. R. Civ. P. 33, plaintiff must first obtain leave of court before propounding additional interrogatories

[3] Plaintiff is reminded that such requests are to be served directly upon defendants' counsel and are not to be filed with the Court. Fed. R. Civ. P. 5(d)(1)(a).

1   Rule 35 provides that a court may order a party whose mental or physical

2   condition is in controversy to submit to a physical or mental examination by a suitably

3   licensed or certified examiner. Fed. R. Civ. P. 35(a). The moving party must show (1)

4   that the mental or physical condition of the party to be examined is "in controversy" and

5   (2) "good cause" for the request. *Id.*

6       But Rule 35 applies to a party who seeks to compel an opposing party to

7   undergo an examination, not to a party who desires to obtain his own examination. A

8   Rule 35 IME is not appropriate where a party seeks to use it to obtain evidence to

9   support his own claims. *See, e.g. Brown v. United States*, 74 F. App'x 611, 614 (7th Cir.

10  2003) (Rule 35 "does not vest the court with authority to appoint an expert to examine a

11  party wishing an examination of himself"); *Baker v. Hatch*, No. CIV S-07-2204 FCD EF,

12  2010 WL 3212859, at *3 (E.D. Cal. Aug. 12, 2010) ("Rule 35 does not give the court

13  authority to appoint an expert to examine a party on his own motion"); *Savajian v.*

14  *Milyard*, Civil Action No. 09-CV-00354-CMA-BNB, 2009 WL 5126581, at *1 (D. Colo.

15  Dec. 17, 2009) ("[A]lthough the plaintiff states that he is seeking an independent

16  medical examination pursuant to Fed. R. Civ. P. 35(a), he is actually seeking a cost-free

17  medical examination which he hopes will support his claims . . .. Rule 35 was not

18  designed for this purpose."), *aff'd in pertinent part*, Civil Action No. 09-CV-00354-CMA-

19  BNB, 2010 WL 728219 (D. Colo. Feb. 25, 2010). *See also McKenzie v. Nelson*

20  *Coleman Corr. Ctr.*, Civil Action No. 11-0268, 2012 WL 3779129, at *2-3 (E.D. La. Aug.

21  31, 2012) (collecting cases denying requests by indigent prisoner plaintiffs seeking their

22  own mental and physical examinations under Rule 35).

23  C.   Conclusion

24      The Court ORDERS as follows:

25

1.   Plaintiff shall cooperate with defendants to schedule his deposition, which may be taken remotely.

2.   Within 30 days of this Order, plaintiff shall inform defendants whether Dr. Walsh remains his expert witness; if so, plaintiff shall cooperate in scheduling the deposition of Dr. Walsh—which may also be conducted remotely.

3.   To the extent not previously requested or provided, plaintiff may serve written discovery requests complying with Fed. R. Civ. P. 33, 34 or 36 seeking the following information:

   a.   records related to the CRC's November 8, 2017 denial of treatment options recommended by Dr. Byron Russell;

   b.   identity and credentials of a Care Review Committee ("CRC") member present at an August 6, 2014 CRC meeting who has Urology experience at Harborview; and

   c.   plaintiff's medical records and communications with treating provider Dr. Aurich.

4.   If plaintiff contends the foregoing information was properly requested but not produced—or if he makes new requests and is dissatisfied with defendants' responses—plaintiff shall comply with the requirements of Fed. R. Civ. P. 34(a)(1), LCR 37(a)(1) and the Court's Pretrial Scheduling Order before bringing any motion to compel.

5.   In order to provide adequate time to complete the limited discovery permitted by this Order, the Court extends the discovery cutoff and case deadlines as provided in the accompanying Scheduling Order. Absent extraordinary

circumstances, the Court does not contemplate any further extensions of the case deadlines.

Dated this 23rd day of February, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER ON PARTIES' STATUS REPORTS - 8