UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

R.M.,

        Plaintiff,

  v.

STATE OF WASHINGTON, et al.,

        Defendants.

CASE NO. 3:18-cv-05387-BHS-TLF

ORDER

THIS MATTER is before the Court on Magistrate Judge Theresa L. Fricke's Report and Recommendation (R&R), Dkt. 171, recommending that the Court grant in part and deny in part Defendants' second Motion for Summary Judgment, Dkt. 162.

Pro se Plaintiff R.M. is a prisoner currently housed at Clallam Bay Corrections Center. He has a history of hepatitis C. He asserts a § 1983 claim for violations of his Eighth Amendment rights and a state law medical negligence claim against the state Department of Corrections and several of its employees,[1] all based on the medical care he has (and has not) received for a painful and difficult-to-treat condition known as

---

[1] There were initially 20 individual defendants. R.M. has dismissed his claims against five of them.

ORDER - 1

Peyronie's Disease (PD). R.M. first suffered PD symptoms in October 2013. He apparently blames the PD on his hepatitis C medication, Lisinopril. Defendants' expert opines there is no cure for PD.

The factual and procedural history of the case are detailed in the R&R, and in Judge Fricke's prior R&R resolving the defendants' prior summary judgment motion, Dkt. 102. In short, R.M. claims that the defendants failed to treat his disease and the Department of Corrections' Care Review Committee (CRC) and its defendant members twice denied R.M.'s request for a urology consult as not medically necessary. The CRC finally approved R.M.'s request for a consult in 2017. Even then, though, they denied the three treatment options urologist Russell offered as not medically necessary. *See* Dkt. 171 at 5–12. Russell offered a topical medication that was of limited efficacy, an injection, or a "radical, aggressive" treatment involving an implant. He was not confident that any would help R.M.'s PD. R.M. grieved the denial and ultimately sued.

Defendants' summary judgment motion argues that there is no evidence supporting R.M.'s claims against them. Their expert, Dr. Gaskill, opines that R.M. has the classic symptoms of PD and that there are no treatment regimens for the acute phase of the disease, other than anti-inflammatories. Gaskill opines that the outcome would have been the same even if the CRC had referred R.M. for a urology consult earlier. Dkt. 162.

R.M.'s summary judgment response relies in part on his "withdrawn" expert, Dr. Walsh, whom he concedes will not testify at trial. Dkt. 167. Defendants ask the Court to strike Walsh's testimony and dismiss R.M.'s claims against each defendant.

1    The R&R recommends denying treating health care provider Defendants Dr.
2    Edwards and ARNP Kroha's motion for summary judgment on R.M.'s dclaims against
3    them for failure to treat his pain. It recommends granting the defendants' motion and
4    dismissing with prejudice R.M.'s remaining claims against all defendants. Dkt. 171.

5    R.M. objects. Dkt. 172. He argues that if Walsh's testimony is stricken, Gaskill's
6    testimony should be stricken as well because Gaskill's opinions rely on a book written by
7    Walsh. *Id*. at 2. He also emphasizes that an earlier referral to a urologist would have led
8    to treatment with non-steroid anti-inflammatory drugs (NSAIDS), which would have
9    alleviated his pain, even if they would not have cured his disease. *Id*. at 5.

10   Defendants Edwards and Kroha object to the R&R's recommended denial of their
11   summary judgment motion on R.M.'s failure to treat his pain claim. Dkt. 173. They argue
12   that R.M.'s theory of liability against them—that they failed to prescribe NSAIDs or to
13   advise him to buy those drugs over the counter at the prison commissary—is new,
14   unpled, and untimely. They argue that the R&R's reliance on *Hayes v. Snyder*, 546 F.3d
15   516 (7th Cir. 2008), is misplaced, as that case is not controlling and not factually
16   analogous. They argue they are entitled to qualified immunity from R.M.'s claims against
17   them. The issues are addressed in turn.

18                    **I.    DISCUSSION.**

19   A district judge must determine de novo any part of the magistrate judge's
20   disposition to which a party has properly objected. The district judge may accept, reject,
21   or modify the recommended disposition; receive further evidence; or return the matter to
22   the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection

requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to an R&R are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

As courts in other districts have recognized and explained, such re-litigation is not an efficient use of judicial resources. There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate judge's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id*.; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019

WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

**A.   Defendants' Objections are Overruled.**

The R&R concluded that there was evidence from which a reasonable jury could find that Defendants Dr. Edwards and ARNP Kroha were deliberately indifferent to R.M.'s serious medical need—the alleviation of his pain and inflammation—by failing to prescribe or even suggest that R.M. take easily-obtainable NSAIDs. She recommends the Court deny the motion on that portion of the case.

Defendants object, arguing that R.M.'s operative complaint contains no such claim and that R.M. is now asserting a "brand new theory of § 1983 liability." They argue that this new claim is akin to amending his complaint in response to summary judgment, which is prejudicial to them because discovery is closed.

The Court cannot agree. Not every fact in support of a claim must be disclosed in a complaint; the pleader's obligation is to state a plausible claim. *See* Fed. R. Civ. P. 8 and 12. Discovery is then used to flesh out those claims, and the evidence it reveals need not be made part of an amended complaint. Defendants have not described what further discovery they need into the NSAID issue, and thus have not demonstrated that R.M.'s asserting it as part of his deliberate indifference claim would unfairly prejudice them.

R.M.'s liability theory—his claim—is and has been that the defendants were deliberately indifferent to his serious medical needs: PD and its painful symptoms. In support of this claim, he points to the CRC's delay in referring him and its denial of the

1  treatment options offered by Russell, the doctor to whom they ultimately referred him.
2  His claim is that they failed to treat him in various ways, any or all of which he hoped
3  would alleviate his pain. But there is nothing "radical" about taking NSAIDs for
4  inflammation and the resulting pain, and their efficacy is not disputed. It is unlikely one
5  would even need to consult the CRC about suggesting that a PD sufferer buy NSAIDs at
6  the commissary. This is long-disclosed, admissible evidence in support of R.M.'s § 1983
7  deliberate indifference claim; it is not a brand new claim.

8  Nor is the Court persuaded that these defendants are entitled to qualified immunity
9  on this claim. *Hayes*, at least, is analogous, its holding that excruciating pain is a serious
10 medical need is not novel. The R&R's recommended denial of the summary judgment
11 motion on this point is ADOPTED, and the defendants' motion on this basis is DENIED.

12 **B.   R.M.'s Objections are Overruled.**

13 R.M. objects to the R&R's recommendation that this court strike Walsh's expert
14 opinion testimony. He argues that Walsh should not be excluded unless Gaskill's expert
15 is also excluded. R.M. misunderstands Defendants' arguments and the R&R's analysis.
16 The problem with Walsh's evidence is that R.M. concedes it will not be presented at trial.
17 In response to a summary judgment motion, a party must provide evidence from which a
18 reasonable jury could find in his favor. As the R&R explained, the court is more lenient
19 about the form the evidence takes on summary judgment than it is at trial, and a pro se
20 litigant's filings are entitled a degree of liberality. Dkt. 171 at 17. But the evidence
21 submitted in response must be admissible in *some* form at trial or it is not sufficient to
22 create a jury question to be resolved at that trial. R.M.'s concession that Walsh will not

provide his evidence at trial is fatal to his evidence at summary judgment. R.M.'s objections regarding Walsh are OVERRULED.

Substantively, R.M. objects to the R&R's recommended dismissal of his claims for lack of evidence. The R&R determined that the largely undisputed facts did not amount to a claim of deliberate indifference to his serious medical needs, as a matter of law.

R.M. argues that he *was* a candidate for option two (the injection) because he had, at various times, injectable "lesions," contrary to Dr. Gaskill's opinion. His other primary argument, regarding NSAIDs, is discussed below.

R.M., like the Court, is not a doctor. Laypersons are rarely permitted to provide what amounts to expert medical testimony, and R.M.'s claim that he was a candidate is not evidence without some expert testimony that that is true. Neither R.M. nor the Court can readily interpret medical records to determine whether the specific sort of lesion Dr. Gaskill (and Dr. Russell) were looking for was reflected in a different doctor's prior notes. The Rules require expert medical testimony on such matters, for good reason. R.M.'s evidence in support of his claim that he was an injection candidate is not admissible, even though he is pro se and this is summary judgment.

It is not disputed that R.M. suffers from a serious, painful, and largely incurable medical condition. But there is no evidence that any delay in CRC's approval of his consultation request, or its denial of his request for Dr. Russell's three treatment options, caused him any additional harm. The R&R correctly explained that Russell and Gaskill agree that the conservative option (topical medication) was unlikely to have any effect.

Gaskill opines that R.M. was not a candidate for the second option (an injection), and that the third (an implant) is a "radical" approach that would not alleviate his pain. Dkt. 171 at 24 (citing Dkt. 163-1). *See also Rauh v. Ward*, 122 F. App'x 692, 694–95 (10th Cir. 2004) (not deliberately indifferent in failing to approve an implant for PD).

The R&R's recommended disposition of this claim is ADOPTED.

\*\*\*

The R&R is **ADOPTED**. Defendants' Motion for Summary Judgment is **DENIED** as to R.M.'s § 1983 deliberate indifference claims against Edwards and Kroha, based on their failure to suggest or prescribe NSAIDs to alleviate his inflammation and pain.

The motion is **GRANTED** as to the remaining claims against the remaining defendants. Dr. Walsh's testimony is **STRICKEN** and R.M.'s deliberate indifference claim based on the CRC's delay in referral and its rejection of Dr. Russell's options is DISMISSED.

IT IS SO ORDERED.

Dated this 30th day of March, 2023.

BENJAMIN H. SETTLE
United States District Judge